The Chicago and Northwestern Railway Co. *et al.* Appellees, *vs.* Averill H. Miller *et al.* Appellants.

*Opinion filed April 23, 1908.*

1. Eminent domain—*questions of title should be determined by the court.* Questions of title, as between defendants to a condemnation proceeding who claim as owners, lessees, etc., should be determined by the court before the issue of compensation and damages is submitted to the jury, and in determining such questions the court is not restricted to legal titles, but should ascertain all interests, whether legal or equitable.

2. Same—*when lessees are entitled to compensation though the leases are void under Statute of Frauds.* Lessees of a building are entitled to compensation for their interests upon condemnation of the building even though the leases were executed by third persons without written authority from the owner, who relies upon the Statute of Frauds, where such lessees have made valuable improvements and paid the rent, which was accepted by the owner, since such part performance is sufficient, in equity, to take the leases out of the Statute of Frauds.

Appeal from the Superior Court of Cook county; the Hon. Axel Chytraus, Judge, presiding.

The Chicago and Northwestern Railway Company filed a petition in the superior court of Cook county to condemn certain real estate situated in the city of Chicago, for railway purposes. Included in the property sought to be condemned was sub-lot 1 in the canal trustees' subdivision of lot 9, in block 45, in the original town of Chicago, known as Nos. 31 and 33 South Canal street, upon which was located a four-story building. The fee title to said Canal street property was averred to be in Phebe F. Clark, and Mrs. Clark and numerous persons who were in possession of portions of said building as tenants were made parties defendant to said petition. Prior to the calling of a jury to fix the compensation and damages the superior court entered an order requiring all persons who were parties to said proceeding who claimed an interest in said premises, to

set up, by cross-petition or otherwise, their respective rights and interests in and to said premises. Mrs. Clark filed a cross-petition, in which she averred she was the owner of said premises in fee; that the appellant Averill H. Miller was in possession of the basement and first story of the building located upon said premises, claiming to hold the same under and by virtue of a lease executed to him in her name by Robert White and Roy B. Tabor for a term commencing April 1, 1906, and ending April 30, 1911; that the appellant Ernest F. Scheldein was in possession of the front half of the third story of the building upon said premises, claiming to hold the same under and by virtue of a lease executed to him in her name by Robert White and Roy B. Tabor for a term commencing May 1, 1906, and ending April 30, 1909; that the lease to Miller and the lease to Scheldein were executed by White & Tabor in her name without authority from her in writing, and that she had never ratified the execution of said leases, or either of them, in writing, and that they were within the Statute of Frauds, and void. Miller and Scheldein, severally, answered the petition of the railway company and the cross-petition of Mrs. Clark, and a hearing was had before the court upon the cross-petition and the answers of Miller and Scheldein thereto.

It appeared from the evidence that Mrs. Clark was the owner in fee of said premises; that Miller was in possession of the basement and first story of said premises, wherein he was carrying on a restaurant business, under and by virtue of a lease in writing executed to him by White & Tabor, in the name of Mrs. Clark, for a term commencing April 1, 1906, and ending April 30, 1911; that he had expended in improving said premises to adapt the same to his business, something like $4000, and that he had paid the rent on said premises, in accordance with the terms of said lease, monthly to said White & Tabor and they had accounted to and paid said rent to Mrs. Clark; that Schel-

dein was in possession of the front half of the third story of the building, where he was carrying on a manufacturing business, under and by virtue of a lease in writing executed to him by White & Tabor, in the name of Mrs. Clark, for a term commencing May 1, 1906, and ending April 30, 1909, and that he had expended in improving said premises to adapt the same to his business, something like $400, and that he had paid the rent on said premises, in accordance with the terms of said lease, monthly to said White & Tabor and they had accounted to and paid said rent to Mrs. Clark.

The court held that the leases to Miller and Scheldein were void and that they took no interest in said premises, and that the total value of said premises to be fixed by the jury in the condemnation proceeding should go to and be paid to Mrs. Clark, from which order and judgment Miller and Scheldein have prosecuted an appeal to this court.

HARRIS F. WILLIAMS, (ELDON M. VOTAW, of counsel,) for appellants.

NATHAN G. MOORE, FRANK H. SCOTT, WILLIAM S. KIES, and WILLIAM B. HALE, (LLOYD W. BOWERS, of counsel,) for appellee the Chicago and Northwestern Railway Company.

MOSES, ROSENTHAL & KENNEDY, (JOSEPH W. MOSES, of counsel,) for appellee Phebe F. Clark.

Mr. CHIEF JUSTICE HAND delivered the opinion of the court:

In a condemnation proceeding under the Eminent Domain act the jury is empaneled to fix the amount of compensation and damages which are to be paid to the owner or owners and parties interested in the property sought to be condemned, and it has nothing to do with the title to the property sought to be taken. The question of title, if

any such question is raised, should be determined and settled by the court prior to the time the questions of compensation and damages are submitted to the jury. (*Chicago and Milwaukee Electric Railroad Co.* v. *Diver*, 213 Ill. 26; *Lieberman* v. *Chicago and South Side Rapid Transit Railroad Co.* 141 id. 140.) We think, therefore, the trial court adopted a proper practice by requiring all persons claiming an interest in the Clark property to litigate and settle their interests in that property before the court prior to the empaneling of the jury to determine the compensation and damages which the railway company should pay to the owner or owners and parties interested in said property, to the end that the amount to be paid to each owner or person interested in the said property might be separately determined by the jury. In the determination and settlement of the interests of the respective parties in and to said premises the court was not restricted to mere legal titles, but had the power to ascertain the rights of the parties therein, whether such rights were legal or equitable in their nature. (*Metropolitan West Side Elevated Railway Co.* v. *Eschner,* 232 Ill. 210.) While it has been held that in the trial of a condemnation suit either party is entitled to have a jury, and the introduction of evidence and mode of conducting the trial after the jury is empaneled is according to the rules of practice in trials at law, and in that sense a proceeding to condemn property under the Eminent Domain act is a legal and not an equitable one, (*Union Mutual Life Ins. Co.* v. *Slee*, 123 Ill. 57; *Grand Tower and Cape Girardeau Railroad Co.* v. *Walton,* 150 id. 428;) in the determination and settlement of the title of the parties to a condemnation suit to the property sought to be condemned, equitable as well as legal rights must be taken into consideration, and in the settlement of the question of title the proceeding is equitable in its character.

It appeared from the evidence that the appellants were in possession of portions of the premises sought to be condemned, under leases which were void under the Statute

of Frauds. It, however, appeared that the appellants each took possession of the portion of the premises covered by their respective leases, under such leases; that each had made valuable improvements thereon, and that they had each paid to the owner of the fee all rent provided by said leases to be paid, and that she had accepted such rent. While, at law, such part performance on the part of the appellants would not take said leases out of the Statute of Frauds, in equity it would. We think, therefore, the trial court erred in determining and settling the rights of the appellants in and to the premises sought to be condemned, as against the owner of the fee.

The judgment of the superior court will therefore be reversed and the cause remanded to that court for further proceedings in accordance with the views herein expressed.

*Reversed and remanded.*