(No. 14201.—Reversed and remanded.)

THE CHICAGO-SANDOVAL COAL COMPANY, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(ROBERT SMITH, Defendant in Error.)

*Opinion filed February 22, 1922.*

1. CONSTITUTIONAL LAW—*benefit of a constitutional provision may be waived.* With very few exceptions any person may waive the benefit of a constitutional provision, even in a criminal prosecution, and he may waive the right to question the validity of a statute designed for the protection of his property rights, either expressly or by such conduct as amounts to an estoppel.

2. SAME—*how right to question the validity of a statute may be waived.* The right to question the validity of a statute may be waived either by act or omission, by participating in litigation which by fair inference acknowledges the validity of the statute, or by any course of conduct which shows an intention to waive any question as to such validity or which raises an estoppel.

3. SAME—*an objection to invasion of constitutional right must be made at earliest opportunity.* A party who regards his constitutional right as invaded must raise an objection at the earliest fair opportunity, and a failure to do so amounts to a waiver of the right.

4. WORKMEN'S COMPENSATION—*when employer waives right to question validity of Compensation act.* An employer who participates in the proceeding before the arbitrator, enters into a stipulation that the parties are under the Compensation act, obtains a review by the Industrial Commission and by the circuit court and claims credit for payments of compensation and for medical services, is precluded from thereafter raising any question as to the constitutionality of the act.

5. SAME—*when finding of permanent disability cannot be upheld.* If the evidence in a compensation case furnishes no basis for the finding by the commission that the applicant is wholly and permanently incapable of work, an award based upon such finding cannot be sustained even though the evidence may justify a finding of temporary total disability or partial permanent disability, and it is error for the circuit court to confirm such award.

WRIT OF ERROR to the Circuit Court of Marion county; the Hon. THOMAS E. FORD, Judge, presiding.

Frank F. Noleman, June C. Smith, and Andrew J. Dallstream, for plaintiff in error.

A. W. Kerr, and George R. Stone, for defendant in error.

Mr. Justice Cartwright delivered the opinion of the court:

The defendant in error, Robert Smith, applied to the Industrial Commission for compensation on account of an injury suffered while working for plaintiff in error, the Chicago-Sandoval Coal Company, in its mine in Marion county. There was a hearing of evidence by an arbitrator, and he made an award of $12 per week for 17 weeks and four days for temporary total incapacity, $12 per week for 291 weeks and $8 for one week, as compensation for complete and permanent disability and thereafter a pension for life of $280 per annum, payable in monthly installments, on account of such complete and permanent disability. He found that the applicant had been paid $392 by the plaintiff in error to apply on the compensation awarded. Upon a review by the Industrial Commission additional testimony was heard, and upon consideration of the same and the evidence contained in the record of the proceeding before the arbitrator the findings and award were affirmed and ordered to stand as the decision of the Industrial Commission. A writ of *certiorari* from the circuit court was directed to the commission, and upon a return being made the court quashed the writ and confirmed the award. This court allowed a writ of error to the circuit court upon the petition of plaintiff in error.

At the hearing in the circuit court on March 26, 1921, the plaintiff in error filed its motion to quash the record and return on the ground that the Workmen's Compensation act was unconstitutional because in violation of the due process clause of the fourteenth amendment to the Fed-

eral constitution. The plaintiff in error also submitted to the court a proposition that the act in question was unconstitutional for the reason stated, to be held as law in the decision of the case. The court overruled the motion and marked the proposition of law "Refused."

When the application came on to be heard before the arbitrator the parties entered into the following stipulation: "That on the 22d day of April, 1919, the petitioner was in the employ of the respondent; that on said date both parties were operating under and subject to the provisions of the Workmen's Compensation act; that on said date the petitioner sustained an accident injury arising out of and in the course of his employment, of which the respondent had notice within thirty days and on account of which demand for compensation was made within six months; that the petitioner is married, having no children under the age of sixteen years; that the petitioner has been paid $392 as compensation in this cause; that medical services have been rendered and there is no further claim for the same; that the petitioner has not returned to the employ of the respondent; that the wages for the year preceding were $1575 and the weekly wage was $30.30, the questions in controversy being the extent of the injury and to what, if any, compensation is the petitioner entitled on account of the same." The plaintiff in error having entered into this stipulation and proceeded to a hearing before the arbitrator and a subsequent review by the Industrial Commission without objection that any constitutional right was being invaded, the question arises whether the circuit court erred in overruling the motion to quash the record and return and refusing the proposition of law.

With very few exceptions any person may waive the benefit of a constitutional provision for his personal benefit, and may do that even in a criminal prosecution against him. (*People* v. *Scates,* 3 Scam. 351; *Perteet* v. *People,* 70 Ill. 171.) He may waive the right to question the valid-

ity of a statute designed for the protection of his property rights either expressly or by such conduct as amounts to an estoppel. The right to question the validity of a statute may be waived either by act or omission. It may be by participating in litigation which by fair inference acknowledges the validity of the statute, or by any course of conduct which shows an intention to waive any question as to the validity of the statute, or where it would be unjust to others to permit objection to afterward be made. (*Shepard* v. *Barron,* 194 U. S. 553; 6 R. C. L. 94; 12 Corpus Juris, 769.) The general rule is, that it is the duty of a person, whenever he regards his constitutional right as invaded, to raise an objection at the earliest fair opportunity, and the failure to do so amounts to a waiver of the right. Accordingly, in *Pearson* v. *Zehr,* 125 Ill. 573, it was held that if a party at the time of a ruling depriving him of a constitutional right makes no objection he cannot afterward assign the ruling for error, and in *Union Drainage District* v. *Smith,* 233 Ill. 417, it was held that an objection to the competency of a commissioner on constitutional grounds must be made before the judgment of confirmation, and if not so made is deemed waived and will never thereafter be of any avail. It has repeatedly been held that the question of the validity of a statute is waived by prosecuting an appeal to the Appellate Court, which has no power to consider the question. (*Barnes* v. *Drainage Comrs.* 221 Ill. 627; *Case* v. *City of Sullivan,* 222 id. 56; *Pittsburg, Cincinnati, Chicago and St. Louis Railway Co.* v. *City of Chicago,* 242 id. 178; *Luken* v. *Lake Shore and Michigan Southern Railway Co.* 248 id. 377.) By the stipulation the plaintiff in error agreed that both parties were operating under and subject to the provisions of the Workmen's Compensation act. It took credit for medical services and $392 paid as compensation for the injury, and stipulated that the questions in controversy were the extent of the injury and what compensation the applicant was entitled to on account

of the injury.  Both by the express terms of the stipulation and by participating in the proceeding and obtaining a review by the Industrial Commission and by the circuit court the plaintiff in error admitted the validity of the Compensation act and is precluded from questioning its validity.

The award was based on a finding of fact that the injuries sustained had caused complete disability, rendering the applicant wholly and permanently incapable of work, for which total and permanent incapacity he was entitled to the compensation awarded and a pension for life.  The evidence required a finding of disability and an award of compensation, but it did not justify a finding that the applicant was wholly and permanently incapable of work or the amount of compensation based on such a finding.  The applicant, while working in the mine timbering and cleaning up a fall, suffered an injury by the fall of a boulder, which caused a hernia in the lower part of the abdomen, toward the right side.  He was operated upon for the hernia, and the operation was successful so that there was no further trouble at the point of the hernia.  There was evidence, however, of soreness, pain and swelling at a point above and distinct from the place of the hernia whenever the applicant attempted heavy work or doing work requiring him to stoop over.  He at first located the swelling and pain at four or five inches above the scar of the hernia and afterward said that it was about an inch, and that there was such swelling that sometimes he could not fasten his trousers.  From his testimony and the testimony of doctors, which was not controverted, it is clear that the surgical operation cured the hernia and there was no structural change or objective symptom that could be discovered which would necessarily be of a permanent nature.  The applicant had done some work in connection with raising the foundation of his house, and there was no sufficient evidence to sustain an award for total and permanent incapacity.  For that reason the judgment must be reversed and the question be

again considered by the commission, either upon the record or with any further evidence which the parties may choose to present.

The judgment is reversed and the cause remanded to the circuit court, with directions to again refer the application to the Industrial Commission.

*Reversed and remanded, with directions.*