(No. 15043.—Reversed and remanded.)
THE MADISON COUNTY MINING COMPANY, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(RALPH R. SILKETT, Defendant in Error.)

*Opinion filed February 21, 1923.*

1. WORKMEN'S COMPENSATION—*expert testimony must receive same consideration as other evidence.* Expert testimony is legal and competent in compensation cases and is to be received and treated as other evidence, and its weight must be determined by the character, capacity, skill and opportunity for observation and apparent state of mind of the experts themselves and by the nature of the case and its developed facts.

2. SAME—*when an award for permanent total disability cannot stand.* An award for permanent total disability and a pension for life cannot stand where it rests entirely upon the unsupported testimony of the injured employee, which shows that he is not wholly and permanently incapable of work and which is against the weight of the testimony of physicians who had examined his injured back, and where the employee has not lost any member of his body or the use thereof, is in possession of his faculties and has the general appearance of a man in good health.

WRIT OF ERROR to the Circuit Court of Madison county; the Hon. J. F. GILLHAM, Judge, presiding.

BURROUGHS & RYDER, (R. H. DAVIS, of counsel,) for plaintiff in error.

W. J. MACDONALD, for defendant in error.

Mr. CHIEF JUSTICE THOMPSON delivered the opinion of the court:

This writ of error is prosecuted to review a judgment of the circuit court of Madison county confirming a decision of the Industrial Commission awarding defendant in error compensation for permanent total disability and in addition thereto a pension for life. The sole questions in

dispute are the nature of the accidental injury and the extent of the disability.

Defendant in error testified that he was injured while in the employ of plaintiff in error; that he was engaged at the time in oiling the elevator; that an overhead elevator chain broke and fell; that the chain was about sixty feet in length and weighed about 1000 pounds; that it struck him a glancing blow in the back; that it tore his clothing, lacerated his back and injured his spine; that Dr. Barnsback dressed his injuries and treated him for five months; that he was confined to his bed for eleven days; that after he got up he went to the doctor's office for treatment; that about a month after his injury he was sent to Dr. Niedringhaus, of St. Louis, for examination; that an X-ray picture was taken by Dr. Briggs, and that after an examination of this picture and a physical examination Dr. Niedringhaus told him to go home and to do light work; that he did some light carpenter work about his place but found that he was not able to stoop or lift because of the pain in his back; that about two months after his injury he was taken to Dr. Wahl, in Edwardsville, for examination; that he took an X-ray picture of his back; that later Dr. Wahl gave him electrical treatments for about a month; that he does not sleep well; that he takes exercise, and that he can bend over and touch the floor but it hurts him to do it; that he is fifty-two years of age and never suffered any pain in his back before this injury; that he is five feet ten inches tall, weighs 200 pounds and walks without support; that he knows the duties of a trapper; that one does not have to be strong to do that work but that he has never undertaken it; that he is qualified to be the boss of a construction gang in a mine and could do that sort of work if he had the opportunity.

Dr. R. S. Barnsback testified that he examined the defendant in error a few minutes after the accident; that he dressed his wounds and left him in bed complaining some; that for several days he saw him practically every day; that

the skin on his back was torn and his back was raw but the lacerations were not severe; that the patient continually complained of soreness in his back and claimed that it was worse at night than in the daytime; and that he examined the patient's back and found no objective evidence of a condition that would cause pain.

Dr. E. F. Wahl testified that he is a surgeon and X-ray specialist; that he examined the defendant in error several .times; that.he took X-ray pictures of the lumbar and sacro-iliac regions of the spine; that there was no fracture of the spine except a possible slight fracture of the third transverse process; that the tip of the process was possibly slightly depressed but that there was no serious displacement; that the disability, if any, caused by the fracture had passed; that the physical examination disclosed and the objective findings were limited to a few scars in the lumbar region to the left of the median line; that the patient complained of pain on pressure and motion; that the spine was flexible in all directions and that there was nothing wrong with any of the muscles of the back; that the only objective findings were the scars on the skin, and that there was nothing in those findings that would cause any physical disability; that there was no displacement of the spine which would in any way interfere with the nerves; that the transverse process, which was probably slightly fractured, is beyond where the nerves emerge from the canal and serves as an attachment to the muscle and is a protection to the nerves, and that from his examinations of the patient he was unable to account for the pain of which he complained.

Dr. R. E. Niedringhaus testified that he specializes in bone surgery; that he made an examination of defendant in error; that he found a very slight rigidity of the muscles of the lumbar region; that he examined a radiograph taken by Dr. Briggs and found some pathology in the left transverse process of the third lumbar vertebra, which indicated that there might have been a slight fracture but which would

306—38

cause no physical disability; that the patient complained of pain on pressure, but that the condition of the process did not cause the pain and that he was unable to account for the pain unless it was muscular; that he did not know whether the patient suffered pain but that he complained of it continually; that the patient's general appearance indicated good health, and that it was his opinion that one who suffered the loss of sleep which the patient claimed would not present his healthy appearance.

Expert evidence is legal and competent evidence and is to be received, treated and weighed precisely as other evidence by triers of fact in this character of cases. The weight of such testimony must be determined by the character, capacity, skill and opportunities for observation and apparent state of mind of the experts themselves as seen and heard and estimated by the triers of fact and by the nature of the case and its developed facts. (*Peabody Coal Co.* v. *Industrial Com.* 289 Ill. 449.) There is nothing to indicate that the expert witnesses who testified in this case were not fair and unbiased and were not competent and well skilled in their profession. The finding that defendant in error is wholly incapable of performing any work rests entirely upon his unsupported testimony. His testimony, alone, shows that he is not totally disabled. He has not been deprived of any member of his body or of the loss of the use of any member. He is still in possession of all his faculties and his general appearance is that of a man in good health. The great preponderance of the evidence in this record shows that he is not wholly and permanently incapable of work. Where that is the condition of the record the judgment must be reversed. (*Chicago-Sandoval Coal Co.* v. *Industrial Com.* 301 Ill. 389; *Benton Coal Co.* v. *Industrial Com.* id. 396; *Old Ben Coal Corp.* v. *Industrial Com.* 302 id. 96; *Camp Spring Mill Co.* v. *Industrial Com.* id. 136.) Temporary total incapacity was admitted and compensation has been paid therefor. Whether defendant

in error is entitled to further compensation must be determined on a further hearing.

The judgment is reversed and the cause is remanded to the circuit court of Madison county.

*Reversed and remanded.*