**UNITED STATES v. NUDELMAN et al.**
No. 6819.

Circuit Court of Appeals, Seventh Circuit.
May 12, 1939.

Rehearing Denied June 10, 1939.

550

K. B. Czarnecki and Nicholas Nudelman, both of Chicago, Ill., for appellant.

William R. Sherwood, of Washington, D. C., and Carl McFarland, Asst. Atty. Gen., William J. Campbell, U. S. Atty., of Chicago, Ill., and Thomas E. Ervin, of New York City, and Oscar Provost, Atty. Department of Justice, of Washington, D. C.

Before EVANS, SPARKS, and TREANOR, Circuit Judges.

TREANOR, Circuit Judge.

Defendant brings this appeal from a judgment of the District Court in an eminent domain proceeding. On October 25, 1934, the United States filed eight petitions, including the one in the instant proceeding, for the condemnation of certain lands situated in the City of Chicago, such lands to be used for the construction of a low-cost housing and slum-clearance project.[1] Only two parcels of the lands included in the project are involved in this appeal. These two parcels designated S–153 and S–185 were included in the petition entitled United States of America v. William T. Brown et al. The defendant-appellant, Betsey Nudelman, was named in an amended petition as an owner of an undivided 15/22 interest in each of the parcels. Summons was served on her on May 23, 1935, returnable June 3, 1935, and on June 26, 1935, the United States filed a declaration of taking pursuant to statute, and deposited in the registry in the District Court a sum of money designated to be the value of all of the parcels described in the amended petition. Thereafter the United States made a motion for judgment on the declaration of taking and for an order of possession. Certain defendants, other than the present appellant, filed demurrers and motions to dismiss, and on July 2, 1935, the District Court entered an order which reads in part as follows: "It is Ordered by the court that any and all defendants desiring to file motions and motions to dismiss be and they are given leave to file such motions within ten (10) days, together with supporting briefs, and that the petitioner

---

[1] Pursuant to Title II of the National Recovery Act, 48 Stat. 200–210, 40 U.S.C.A. §§ 401–411.

shall file its briefs in reply thereto within ten (10) days thereafter."

The defendant-appellant did not enter an appearance or file any motion to dismiss within the time prescribed by the order. No further steps were taken in this proceeding in respect to parcels S–153 and S–185 until March 11, 1938, when upon motion of the United States the case was set for hearing before a jury on April 26, 1938, for the purpose of determining and assessing compensation. The case was then continued without objection to June 8, 1938, and on June 9, 1938, defendant-appellant filed a petition for leave of court to file a demurrer and motion to dismiss. The proposed demurrer and motion attacked the sufficiency of the petition for condemnation on the ground that the United States had no power to condemn property for the purposes designated in the petition, that it did not appear from the petition that the use was a public use, and that the provisions of the Act purporting to authorize condemnation for the purposes stated in the petition were unconstitutional and void. After hearing argument on the petition for leave to file the demurrer and motion the District Court denied the petition. Thereafter the case was tried and final judgment awarding compensation was entered on June 24, 1938. Defendant has taken this appeal from the final judgment.

In the statement of points relied upon for reversal it is asserted that the congressional act was unconstitutional and void "as suggested in the demurrer and motion filed herein, which demurrer was overruled by the trial court * * *"; and that "the District Court erred in overruling the demurrer and motion to dismiss, filed by appellant * * *."

It is clear from the record that the action of the District Court which is alleged to be erroneous was the denial of defendant's petition for leave to file a demurrer and motion to dismiss and not an overruling of the demurrer and motion. Consequently, the question which is presented for our consideration may be stated as follows: Did the District Court properly deny leave to defendant to file her demurrer and motion to dismiss when such leave was first asked on the day of trial which was three years after the filing of the petition and approximately three years after the expiration of the order of the District Court requiring such pleadings to be filed within ten days?

By express authorization of Congress suits in federal courts for condemnation are required to conform as nearly as possible to the "practice, pleadings, forms and modes of proceedings" in the courts of the state in which the federal court is held.[2] Demurrers are included in this requirement under the holding of this Court in United States v. Dieckmann.[3]

The Illinois cases relied upon by appellee clearly establish the rule that in a condemnation suit no answer need be filed and if one is filed it may be stricken;[4] also that questions as to the authority of a petitioner to condemn must be raised by demurrer or motion to dismiss filed prior to impanelling of a jury, and that failure to raise an objection in such manner constitutes a waiver of the objection.[5]

It was within the power of the District Court to provide by its order of July 2, 1935, for the disposition of preliminary questions and to fix a reasonable time within which pleadings relating thereto should be filed. Such order was not inconsistent with any law of the United States or rule of the Supreme Court.[6] And the procedure was consistent with the procedure approved by the Illinois Supreme Court in Chicago & N. W. R. Co. v. Miller.[7]

In view of the record defendant's petition of June 9, 1938, asking leave of court to file a demurrer and motion to dismiss, was addressed to the court's sound discretion, and in the absence of a showing by the defendant of some adequate excuse for the delay it would not be error for the District Court to deny the petition. But appellant contends that because of the alleged unconstitutionality of the statute under which the United States was acquiring parcels of land the District Court was without jurisdiction of the subject-matter and that defendant, as a matter of right, could

---

2 25 Stat. 357, 40 U.S.C.A. § 258.

3 7 Cir., 101 F.2d 421.

4 Chicago, T. H. & S. E. R. Co. v. Greenfield, 268 Ill. 94, 95, 108 N.E. 750.

5 O'Hare v. Chicago, M. & N. R. Co., 139 Ill. 151, 159, 28 N.E. 923; Lieberman v. Chicago Rapid Transit R. Co.,

141 Ill. 140, 144, 30 N.E. 544; Department of Public Works v. McBride, 338 Ill. 347, 349, 170 N.E. 295; Chicago v. Chicago T. & Tr. Co., 331 Ill. 322, 328, 163 N.E. 17.

6 Rev.Stat. Sec. 918, 28 U.S.C.A. § 731.

7 233 Ill. 508, 511, 84 N.E. 683.

raise the jurisdictional question at any time.

■ Defendant confuses jurisdiction of the court with authority of the United States to acquire the land in question for the declared purpose. By act of Congress[8] the United States District Courts of the district wherein real estate is located, which is the subject of proposed condemnation proceedings, have jurisdiction of proceedings for such condemnation. In any such proceeding the declaration of taking must contain "a statement of the authority under which and the public use for which said lands are taken."[9] Obviously the owner of any land or interest therein, which the United States is seeking to acquire by condemnation, has a good defense if the congressional authorization for the taking for the declared use is invalid. But the existence of such defense does not go to the jurisdiction of the District Court in which the proceeding is pending. Such defense must be pleaded timely the same as any other defense. The jurisdiction of the District Court in the instant suit over the condemnation proceedings is not conferred by the act which authorizes the agency to provide for low-cost housing and slum-clearance projects. Invalidity of the latter act would vitiate the authority of the designated governmental agency to institute and prosecute proceedings for condemnation of the land for the declared purposes; but such invalidity could not destroy the jurisdiction of the District Court to entertain and adjudicate the condemnation proceedings. If the *jurisdiction* of a court over the subject-matter of a suit pending in the court is conferred by an invalid statute, a defendant, at any time in the course of the proceeding, could raise the question of validity of the statute since the raising of the question of jurisdiction of the court over the subject-matter necessarily involves the validity of the statute.

■ It has been held consistently by the Supreme Court of Illinois that "The right to question the validity of a statute may be waived either by act or omission"; and that such waiver "may be by participating in litigation which by fair inference acknowledges the validity of the statute, or by any course of conduct which shows an intention to waive any question as to the validity of the statute, or where it would be unjust to others to permit objection to afterward be made."[10] The foregoing rule is recognized by the Supreme Court of the United States.[11] Also it is well established both by the decisions of the Supreme Court of Illinois and decisions of Federal courts that a litigant may be estopped from asserting the invalidity of a statute.[12]

The foregoing rule was recognized by this Court in American Bond & Mortgage Co. v. United States.[13] In that case the appellants had made application for permit to conduct a radio station and had accepted a revocable and limited license with certain conditions and limitations.[14] This court stated in its opinion that "Having sought and secured a government permit or license with its attendant benefits, appellants obviously cannot later assert rights which were surrendered in order to secure the permit." This Court quoted with approval from Cooley on Constitutional Limitations, 8th Ed. Vol. 1, p. 369: "So a person who obtains a license under a law, and seeks for a time to enjoy the benefits thereof, cannot afterwards, and when the license is sought to be revoked, question the constitutionality of the act."

■ Whether the conduct which is relied upon constitutes a waiver or an estoppel depends upon the facts of each case. When the court denied defendant's petition to be permitted to file a demurrer and motion to dismiss, the following facts appeared of record either in the instant proceeding or in the records of contemporaneous proceedings in the District Court: The contemporaneous proceedings of which the District Court could take judicial notice[15] involved condemnation of other parcels of land of the defendant and were being prosecuted by the same governmental agency

---

[8] 40 U.S.C.A. § 257.

[9] 40 U.S.C.A. § 258a.

[10] Chicago–Sandoval Coal Co. v. Industrial Commission, 301 Ill. 389, 392, 134 N.E. 158, 159.

[11] Pierce v. Somerset Railway, 171 U. S. 641, 648, 19 S.Ct. 64, 43 L.Ed. 316.

[12] Great Falls Mfg. Co. v. Attorney General, 124 U.S. 581, 8 S.Ct. 631, 31 L. Ed. 527; Wall v. Parrot Silver & Copper Co., 244 U.S. 407, 37 S.Ct. 609, 61 L.Ed. 1229; Hurley v. Commission of Fisheries, 257 U.S. 223, 42 S.Ct. 83, 66 L.Ed. 206; Shepard v. Barron, 194 U.S. 553, 24 S.Ct. 737, 48 L.Ed. 1115.

[13] 7 Cir., 52 F.2d 318, 321.

[14] 47 U.S.C.A. § 81 et seq., 44 Stat. 1162.

[15] In re Ferribee, 7 Cir., 93 F.2d 262, 263.

which was prosecuting the instant suit under the authority of the same legislative act. In June, 1935, the defendant signed options for the two parcels in question. Each of the options provided that the United States could "complete the acquisition" of the parcels, through the condemnation proceedings already instituted, and that the "compensation awarded in such proceedings * * * (would) not exceed the purchase price above stated, which price the undersigned hereby declares to be the fair market value thereof." Sums for the agreed price were deposited in the registry on June 26, 1935. Thereafter defendant consented, by stipulation, to entry of judgment and orders of distribution for the purpose of transferring five other parcels of land in the project in which she had an interest. The last entry closing the foregoing transaction was April 7, 1938. Approximately two months later, June 9, 1938, the defendant filed her petition in the instant case asking leave of court to file a demurrer and motion to dismiss which were predicated upon the alleged invalidity of the statute which authorized the federal agency to acquire lands for low-cost housing and slum-clearance projects. At the argument of defendant's motion for leave to file her demurrer and motion the District Court had before it a plat of the property included in the project and the plat disclosed that the two parcels here involved, together with one other, were the sole remaining parcels in an entire block in which the United States had acquired all other property.

As pointed out above, the Illinois practice in condemnation proceedings requires that all questions respecting the authority of the condemner be disposed of prior to the jury trial. Defendant's execution of the option stipulation in June, 1935, taken with the fact that she failed or refused to file any pleadings to question the authority of the condemner during the time fixed by the order of the District Court and for approximately three years thereafter, clearly indicated an absence of any intention to question the authority of the condemner and constituted a waiver. And in any event defendant's conduct in consenting to entry of judgment in respect to the taking of five other parcels of her land for the same housing project in contemporaneous proceedings and the acceptance of pay-

ment therefor, all of which were done upon the assumption of the validity of the statute in question, effectively estop defendant from attacking the validity of the statute.[16] The District Court was required to consider the fact that the acquisition of the parcels of land in question was essential to the completion of the project and that the United States was acquiring the other parcels, including five of defendant, in reliance upon the stipulations and the conduct of defendant and other owners.

Since defendant, by reason of her own conduct, was not in a position to take advantage of the alleged invalidity of the statute, the District Court did not err in overruling her petition for leave to file the demurrer and motion, since the granting of such leave would have availed the defendant nothing.

Judgment of the District Court is affirmed.

---

16 Daniels v. Tearney, 102 U.S. 415, 26 L.Ed. 187; Great Falls Mfg. Co. v. Attorney General, supra.