ALFRED C. BERGNER, ADMINISTRATOR (ESTATE OF HELEN L. BERGNER) *v*. STATE OF CONNECTICUT

SUPERIOR COURT HARTFORD COUNTY FILE NO. 103207

Memorandum filed March 12, 1958.

*William S. Zeman, Harry Cooper,* and *Morgan M. Kline,* all of Hartford, for the plaintiff.

*John J. Bracken,* attorney general, and *Raymond J. Cannon,* assistant attorney general, of Hartford, for the defendant.

ALCORN, J.  This case has once been before the Supreme Court of Errors upon a demurrer to the state's special defense of governmental immunity. The facts appear in that case. *Bergner* v. *State,* 144 Conn. 282.  Following that decision, rendered February 25, 1957, the state, with the court's permission, on October 22, 1957, filed a substitute answer alleging as a second special defense that Special Acts 1955, No. 346 (27 Spec. Laws 277), upon which the plaintiff bases her action, is unconstitutional in that it violates article first, § 1, and article second of the constitution of Connecticut, and § 1 of the fourteenth amendment to the constitution of the United States. A motion to expunge that defense was denied on October 17, 1957.

The plaintiff now demurs to this defense upon the grounds that the state, by enacting the statute and by its subsequent conduct, has waived and is estopped from raising the issue of constitutionality, and, generally, that the statute is not unconstitutional.  The demurrer was argued simultaneously with the demurrer in *Garrett* v. *State,* 20 Conn. Sup. 496, which involved a similar special act.  The discussion of constitutional aspects of the statute in the decision on the demurrer in the *Garrett* case is equally applicable here and need not be repeated. The questions of waiver and estoppel raised in the demurrer in the present case were not involved in the demurrer in the *Garrett* case, however.

The claim that the state has waived, or is estopped to assert, the present defense "by enacting" the statute can be disregarded.  If such a claim were

recognized, it would be impossible to test, in judicial proceedings, the constitutionality of legislative action of the sort involved. The mere passage of a statute by the General Assembly would, on that reasoning, forever close the door to a test of the validity of its action initiated by any other arm of the state government.

It is, nevertheless, possible under certain circumstances to waive the benefit of a claim of unconstitutionality. *Rindge* v. *Holbrook*, 111 Conn. 72, 76; *Coombs* v. *Larson*, 112 Conn. 236, 246. Such waiver may sometimes arise if the claim is not seasonably made. The plaintiff asserts that that is the basis of the waiver in this case. "Anyone who claims that a statute is unconstitutional as an invasion of rights secured to him should raise the question at the earliest opportunity, and he may waive his constitutional rights by taking part, without objection, in judicial proceedings otherwise unconstitutional as against him. If he takes part, without objection, in a proceeding which fixes his liability under the statute he has acknowledged its validity and cannot attack it as unconstitutional." *Shoal Creek Coal Co.* v. *Industrial Commission*, 300 Ill. 551, 553; *Chicago-Sandoval Coal Co.* v. *Industrial Commission*, 301 Ill. 389, 391.

The foregoing considerations would be pertinent in passing upon the propriety of allowing the defense to be filed. The court (*Conway, J.*) granted permission to file the defense and denied a motion to expunge it on October 17, 1957. Neither the basis of the decision nor the issues argued appear. The plaintiff alleged in his motion to expunge that the defense was "improperly filed since the pleadings in this matter have been closed." The plaintiff could and should have presented the objections now made when the amendment was in issue. By allowing the amendment and refusing to expunge it, the court, in effect,

determined adversely to the plaintiff his present claim that the defense was offered too late.

A demurrer is designed to test the legal sufficiency of a cause of action or defense. Practice Book § 96. It is not the method, nor is this the time, on this record, for attacking the alleged tardy injection of this defense on the grounds of waiver or estoppel. Furthermore, waiver is normally a question of fact for the trier. *Hendsey* v. *Southern New England Telephone Co.,* 128 Conn. 132, 135; *Temple* v. *New Britain,* 127 Conn. 170, 175; *Lee* v. *Casualty Co.,* 90 Conn. 202, 206.

As indicated at the outset, counsel will find in the memorandum in the *Garrett* case, supra, filed simultaneously herewith, a discussion of constitutional aspects, although the demurrer upon the ground of constitutionality assigned in the present case is too general to be entertained. General Statutes § 7814.

The demurrer is overruled.