BEN SWEET, Complainant-Appellee, *v.* STEVE'S CARTAGE COMPANY, Defendant-Appellant.

Third District   No. 77-13

Opinion filed July 11, 1977.

914

Bernard C. Gillman and Dorothea O'Dean, both of Rock Island, for appellant.

Richard McCarthy, of Rock Island, for appellee.

Mr. JUSTICE BARRY delivered the opinion of the court:

On December 15, 1975, the complainant, Ben Sweet, filed a verified motion for judgment on an arbitration award against the defendant, Steve's Cartage Company. This motion requested judgment in the amount of $3948, plus costs, which was the amount of the award entered in favor of the complainant by the Joint State Cartage Committee on January 14, 1975.

The defendant responded by filing a verified motion to set aside the arbitration award. However, the circuit court, in denying the defendant's motion, found that the award was not the result of evident partiality and that the arbitrator committed no gross error of law or fact.

After the complainant's motion was granted and judgment rendered in his favor the defendant filed a motion to reconsider, which was also denied. The defendant now appeals.

■■■ As this court has recently stated in *Pillott v. Allstate Insurance Co.* (3d Dist. 1977), 48 Ill. App. 3d 1043, 1046-47, 363 N.E.2d 460, 463," a

final disposition of differences between parties in an easier, more expeditious and less expensive manner than by litigation" is the object of arbitration. Therefore, whenever possible, the courts construe awards so as to uphold their validity (*Merritt v. Merritt* (1850), 11 Ill. 565), and place the burden of proving the invalidity of the award on the party claiming such invalidity. (*Gaddis Mining Co. v. Continental Materials Corp.* (D. Wyo. 1961), 196 F. Supp. 860.) Moreover, no review of a decision made within the scope of the arbitrator's powers may be had except for fraud, partiality or some other misconduct on the part of the arbitrator. (*White Star Mining Co. v. Hultberg* (1906), 220 Ill. 578, 77 N.E. 327.) It is an insufficient basis for a challenge to the validity of an arbitration award to allege a gross error of judgment in law or a gross mistake of fact unless these mistakes or errors are apparent upon the face of the award. (*White Star Mining Co. v. Hultberg* (1906), 220 Ill. 578, 77 N.E. 327; *Country Mutual Insurance Co. v. National Bank* (4th Dist. 1969), 109 Ill. App. 2d 133, 248 N.E.2d 299.) In the absence of fraud, a reviewing court presumes that the arbitrator considered all the evidence and allowed such items as were proven. (*Hadaway v. Kelly* (1875), 78 Ill. 286.) Furthermore, where partiality of the arbitrator is alleged, the size of the award is insufficient to establish evident partiality without specific allegations of bias. *Country Mutual Insurance Co. v. Kuzmickas* (1st Dist. 1971), 2 Ill. App. 3d 313, 276 N.E.2d 357.

■■ In the case at bar, the defendant claims that the arbitrator was either partial or committed gross errors of law or fact because the complainant had only one eye and, therefore, did not have adequate vision to drive for the defendant under the rules and regulations of the Interstate Commerce Commission. However, the record before us does not indicate when the complainant lost sight in one eye. The arbitrator could have found that the defendant hired the complainant to drive even though the complainant had only one eye. In addition, the complainant's employment was not finally terminated by the defendant. Instead, he was laid off, from which the arbitrator could infer that the defendant would recall the complainant to drive if the need arose.

■■ Since no gross error of judgment in law, nor a gross mistake of fact, is apparent upon the face of the award and since the fact that an award was issued is insufficient to support an allegation of evident partiality, we refuse to overturn the judgment of the circuit court. Accordingly, the judgment of the Circuit Court of Rock Island County is affirmed.

Affirmed.

STENGEL, P. J., and SCOTT, J., concur.