FREDMAN BROS. FURNITURE CO., INC., Petitioner-Appellant, *v.* RETAIL STORE EMPLOYEES UNION, LOCAL 575, Respondent-Appellee.

Fifth District No. 78-252

Opinion filed March 19, 1979.

Herbert I. Fredman, of Edwardsville, for appellant.

Fern M. Steiner, of Biro, Karmel & Rosenfeld, of Chicago, for appellee.

Mr. PRESIDING JUSTICE GEORGE J. MORAN delivered the opinion of the court:

The briefs filed in this court contain a fair, concise and well-written statement of the relevant facts to be considered in this appeal. We adopt the fact statement with only minor modifications.

This action was brought in the circuit court of Marion County by petitioner Fredman Bros. Furniture Company, Inc., to set aside an arbitrator's award. Respondent Retail Store Employees Union, Local 575, counterclaimed, seeking to have the court direct the petitioner to comply with the arbitrator's award. Motions for summary judgment were filed by both parties. On March 13, 1978, the court denied petitioner's motion for summary judgment and granted in part respondent's motion for summary judgment. The court sustained the arbitrator's award. Petitioner appeals the court's order of March 13, 1978.

Venita Wade, a member of appellee union and the grievant in this case, had been continuously employed by appellant since June 4, 1967, as a sales person. She had no responsibility for ordering or pricing furniture nor for the organization of sales.

At all times material, there was a collective bargaining agreement in effect between the parties concerning employees' wages and working conditions which by its terms is effective May 1, 1975, to the 30th day of April 1978. There are three contract provisions pertinent to the grievance:

(1) Section 4, the management rights clause, provides: "The Management of the business and the direction of the working forces, including the right to * * * suspend or discharge for proper cause, * * *."

(2) Vacations are covered in section 8, as follows: "All full-time

employees shall be entitled to one (1) week's vacation with full pay after one (1) year of continuous employment; two (2) weeks' vacation with full pay after two (2) years of continuous employment; three (3) weeks' vacation with full pay after eight (8) years' continuous employment; four (4) weeks vacation with full pay after fifteen (15) years of continuous employment."

(3) Section 10, the grievance procedure, provides in section F: "The decision of the arbitrator shall be in writing and shall be final and binding upon both parties to the Agreement, and if the Arbitrator decides that an employee has has been wrongfully discharged or laid off he shall be restored to his former position, receiving pay for time lost, and all seniority rights shall be restored. Pursuant to Section 900 D of the State of Illinois Unemployment Compensation Act."

On June 2, 1975, the grievant, Ms. Wade and a Mr. Miller informed the store manager that they were giving him six or eight weeks notice that they would be leaving the store to open a furniture store of their own in the same city. They stressed that they would be glad to remain as long as possible so that replacements could be arranged. They were summarily discharged on the following day, June 3, 1975.

The union grieved as unjust the discharge of Ms. Wade. The parties, unable to resolve the grievance amicably, voluntarily proceeded to arbitration pursuant to section 10 of the agreement. A hearing was held in Centralia, Illinois, before John F. Sembower, who acted as sole arbitrator to decide the dispute. The union contended that had Ms. Wade been allowed to remain in the employer's employ through her anniversary date, June 14, 1975, she would have completed eight years of continuous employment and would have been entitled to an additional week of vacation pay. The union further contended at arbitration that if the arbitrator found that the company discharged the grievant without just cause, then she was entitled to back pay for that period between the discharge and her anniversary date. The company contended that the grievant was discharged for proper cause and was not entitled to either an additional week of vacation or back pay.

On May 11, 1977, the appellant Fredman Bros. filed suit in the circuit court of Marion County seeking to have the arbitrator's award and decision set aside. On June 9, 1977, the appellee union filed an answer and counterclaim seeking compliance with the arbitrator's award. On January 9, 1978, appellee filed a motion for summary judgment, with memorandum in support of the motion alleging that the court was without authority to review the determination of the arbitrator on the merits. Appellant filed a motion for summary judgment on January 30, 1978, asserting certain constitutional and other defects in the arbitrator's award. On March 31, 1978, the circuit court denied appellant's motion for

summary judgment and granted in part appellee's motion for summary judgment. The circuit court sustained the arbitrator's award.

■■ The decision of an arbitrator, acting within the power granted him by the agreement, is final, and not reviewable by any court, unless the party attacking the decision can demonstrate fraud, partiality or misconduct on the part of the arbitrator. (*White Star Mining Co. v. Hultberg* (1906), 220 Ill. 578, 77 N.E. 327; *Sweet v. Steve's Cartage Co.* (1977), 51 Ill. App. 3d 913, 365 N.E.2d 1110; *Pillott v. Allstate Insurance Co.* (1977), 48 Ill. App. 3d 1043, 363 N.E.2d 460.) Every reasonable presumption is exercised in favor of the finality and validity of the award (*Brown v. Atwood* (1922), 224 Ill. App. 77), and the arbitrator will be deemed to have acted within the bounds of his authority unless the award itself clearly exceeds those bounds. *Darst v. Collier* (1877), 86 Ill. 96.

■■ Appellant asserts that the parties are not required to arbitrate matters unless they have previously agreed to submit these matters to arbitration, and unless the matters are in fact submitted for arbitration in a particular instance. We agree with those general statements of law; however, we find them to be wholly inapplicable to this case. Appellant appears to argue that the only issue raised by the grievance was the grievant's entitlement to vacation pay at the time of her discharge. We disagree. As the arbitrator clearly indicates in his opinion and award, the issue submitted was not whether the grievant was entitled to a third week of vacation at the time of her termination; the issue was whether she was improperly terminated by appellant so as to deprive her of the opportunity to work for an additional two weeks in order to become entitled to the additional week of vacation. The propriety of her termination was clearly a subject for arbitration under the terms of the collective bargaining agreement and the arbitrator's decision unquestionably "draws its essence from the contract." *Yellow Cab Co. v. Democratic Union Organizing Committee, Local 777*, 398 F.2d 735, 737 (7th Cir. 1968), *cert. denied* (1969), 393 U.S. 1015, 21 L. Ed. 2d 561, 89 S. Ct. 619.

■■ Appellant also asserts that the arbitrator's award deprives it of property without due process of law. In addition to being meritless, this argument is not properly preserved for review, as appellant failed to raise it in the proceeding below. *Chicago-Sandoval Coal Co. v. Industrial Com.* (1922), 301 Ill. 389, 134 N.E. 158.

For the foregoing reasons the judgment of the circuit court of Marion County is affirmed.

Affirmed.

KUNCE and JONES, JJ., concur.