AMERICAN MUTUAL LIABILITY INSURANCE COMPANY, Plaintiff-Appellee, *v.* DOUGLAS HOGE *et al.*, Defendants-Appellants.

First District (1st Division)    No. 79-1270

Opinion filed July 28, 1980.—Rehearing denied August 26, 1980.

Taylor, Miller, Magner, Sprowl & Hutchings, of Chicago, for appellants Douglas Hoge, Alfred Warren, and Richard Zimmerman.

Alan H. Swanson, Stephen R. Swofford, and Patricia J. Prange, all of Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago, for appellee.

Mr. JUSTICE McGLOON delivered the opinion of the court:

American Mutual Liability Insurance Company (AML) brought a declaratory judgment action seeking a determination of the coverage provided by two policies of liability insurance issued by it. The trial court granted AML's motion for summary judgment and entered judgment declaring that Douglas Hoge, Alfred Warren and Richard Zimmerman were not entitled to coverage under two policies issued by AML. Hoge, Warren, and Zimmerman appealed. However, the issue raised in this appeal is rendered moot by the terms of a settlement agreement entered into while the appeal was pending.

On December 7, 1973, James McDaniel was killed during the course of his employment with the Hoge-Warren-Zimmerman Company (HWZ). McDaniel was the supervisor of the HWZ construction crews and at the time of the accident, was assisting in the construction of an addition to a building located at 980 Carnegie Street, Rolling Meadows, Illinois. Title to the Carnegie Street premises was held in trust. Douglas Hoge, Alfred Warren, Richard Zimmerman, and William Schroer owned the beneficial interest in the property as partners.

Various legal actions were brought as a result of McDaniel's death. One of the actions, which formed the basis for this appeal, was brought by Janice McDaniel, individually and as administrator of James McDaniel's estate, as mother and next friend of James D. McDaniel, Jr., and Kirk Patrick Newman, and as next friend of Karen McDaniel (the McDaniel plaintiffs). The named defendants were Commonwealth Edison, Carp Construction Company and Douglas Hoge, Alfred Warren and Richard Zimmerman in their capacity as owners of the building.

American Mutual Liability Insurance Company had issued a basic liability policy to HWA and an umbrella policy to HWZ and Interior Construction, Inc., a division of HWZ. Copies of the summons and complaint in the aforementioned action were forwarded by the individuals to AML and AML referred the defense to the firm of Kralovec, Sweeney, Marquard and Doyle. After filing an appearance, the Kralovec firm sought leave to withdraw the appearance on the grounds that the insurance policies did not provide coverage for the cause of action stated in the McDaniel complaint.

AML thereafter filed a declaratory judgment action to determine whether the individuals were provided coverage under the terms of the policies. The trial court granted AML's motion for summary judgment in

the declaratory judgment action, and defendants Hoge, Warren, and Zimmerman appealed.

While the above-mentioned appeal was pending, the McDaniel action was settled and the trial court entered a final dismissal order pursuant to the settlement. Under the terms of the settlement and order, Commonwealth Edison, a co-defendant in the action, agreed to pay $500,000 to the McDaniel plaintiffs and these plaintiffs in turn released all claims against Commonwealth Edison. Both Commonwealth Edison and the McDaniel plaintiffs released all claims against the individuals Hoge, Warren and Zimmerman. The agreement further provided that the individuals would pay $120,000 to the McDaniel plaintiffs in the event that this court found that the insurance policies provided coverage to the individuals. Consequently, AML filed a motion in this court requesting that the appeal taken from the declaratory judgment action be dismissed as moot.

Due to our disposition of this case, we need consider only AML's motion to dismiss this appeal. AML argues that as a result of the settlement and final dismissal order, the individuals were released from liability and incurred no personal obligations to pay any money in return for the release. Hence, the appeal regarding the coverage afforded by the policies is moot.

The individuals argue that the issue of coverage provided by the policies is not moot because another issue, namely reimbursement for attorney's fees and expenses, is contingent on the outcome of the appeal. Specifically, they contend that if this court were to find that they were provided coverage under the insurance policies, then AML would be required to reimburse them for such fees and expenses for wrongfully declining to defend them in the McDaniel action.

We find that the case of *Gatto v. Walgreen Drug Co.* (1975), 61 Ill. 2d 513, 337 N.E.2d 23, *cert. denied* (1976), 425 U.S. 936, 48 L. Ed. 2d 178, 96 S. Ct. 1669, controls the issue presented in the motion to dismiss as moot. In *Gatto*, the plaintiff and defendant agreed to a purchase of peace for $80,000. Defendant was awarded a judgment of $120,000 against a third-party defendant on an indemnity theory and defendant's assignee sought to execute on that judgment. The supreme court held that because the indemnitor's liability was derivative, there could be no controversy as to the indemnitor's liability for amounts exceeding $80,000.

Under the terms of the agreement in the case at bar, Commonwealth Edison and the McDaniel plaintiffs released all claims which they may have had against the individuals Hoge, Warren, and Zimmerman and the individuals, in turn, incurred no liability. Because AML's liability was derivative it, too, incurred no liability. Hence, the issue of the coverage provided by the policies is moot.

Moreover, the individuals did not raise the issue of attorney's fees in the trial court. Arguments raised for the first time on appeal are waived for purposes of review. *Grover v. Commonwealth Plaza Condominium Association* (1979) 76 Ill. App. 3d 500, 394 N.E.2d 1273; *Fredman Bros. Furniture Co. v. Retail Store Employees Union* (1979), 70 Ill. App. 3d 518, 388 N.E.2d 849.

For the foregoing reasons, we dismiss the appeal from the declaratory judgment action.

Appeal dismissed.

GOLDBERG, P. J., and CAMPBELL, J., concur.