JOHN W. HOUGH, Plaintiff-Appellant, v. JACK OSSWALD, Defendant-Appellee (Robert P. Howington, Jr., Plaintiff).

First District (5th Division)   No. 1—89—1327

Opinion filed May 18, 1990.

John W. Hough, of Hough, Weatherhead & Kinsella, of Chicago, for appellant.

Jack Osswald, of Chicago, for appellee.

JUSTICE MURRAY delivered the opinion of the court:

John W. Hough (Hough), a plaintiff, appeals from a judgment in the amount of $57,524.18 in an action stemming from an arbitration award. The trial court's action involved was an appeal under the Uniform Arbitration Act (Ill. Rev. Stat. 1985, ch. 10, par. 101). The facts are as follows.

Hough and Robert P. Howington, Jr., plaintiffs below, and Jack Osswald (Osswald), defendant, entered into a law partnership agreement in May of 1980. The partnership agreement provided for resolution of disputes by arbitration. In October of 1984 Osswald was ousted from the firm. Osswald filed a claim for arbitration. Hearings on Osswald's claim were held by the arbitrator for 21 days during January and February. The arbitrator concluded that Hough and Howington owed Osswald $57,524.18.

In a second amended complaint Hough and Howington charged Osswald, not the arbitrator, with fraudulent conduct. However, Hough and Howington charged that as a consequence of such conduct the award of the arbitrator was procured by Osswald's fraud or undue means. The trial court dismissed the second amended complaint, holding that allegations of fraud and deception by one of the parties is not a basis for an appeal under the Illinois Uniform Arbitration Act (Ill. Rev. Stat. 1985, ch. 10, par. 101 *et seq.*). The court thereupon entered judgment on the award. Only Hough has appealed from the trial court's final order.

■ On appeal Hough argues that the provisions of the Uniform Arbitration Act provided for relief when one of the parties has procured an award through undue means, such as wrongful concealment and deception. We agree with Hough's statement as a general proposition but must affirm the trial court's action for the following reason.

The Illinois Uniform Arbitration Act reads in part:

"Upon application of a party, a court shall vacate an award where:

(1) The award was procured by corruption, fraud or other undue means ***." Ill. Rev. Stat. 1985, ch. 10, par. 112(a).

The object of arbitration is to avoid the formalities, delay and expenses of litigation in court. Judicial review of an arbitrator's award is more limited than an appellate review of a trial court's decision.

(*Garver v. Ferguson* (1979), 76 Ill. 2d 1, 389 N.E.2d 1181.) Whenever possible a court must construe an award so as to uphold its validity, and gross errors of judgment or a gross mistake of fact will not serve to vitiate the award unless those mistakes or errors are apparent on the face of the award. (*Seither & Cherry Co. v. Illinois Bank Building Corp.* (1981), 95 Ill. App. 3d 191, 419 N.E.2d 940.) A decision of an arbitrator acting within the powers granted to him by an agreement is final and is not reviewable unless the party attacking the decision can demonstrate partiality or fraud on the part of the arbitrator. *Fredman Brothers Furniture Co. v. Retail Store Employees Union, Local 575* (1979), 70 Ill. App. 3d 518, 388 N.E.2d 849.

■ These well-settled rules require this court to affirm the trial court, which followed these settled principles in dismissing Hough's second amended complaint. Paragraph 31 of the partnership agreement involved in this case provided for the very arbitration Hough now attacks. The partnership agreement provides "its [arbitrator's] decision shall be final and binding on all parties. Judgment may be entered on the award."

Furthermore, the plaintiff even stated in the record, "I want to keep it on the record that I didn't think the arbitrator engaged in any wrongdoing." The only Illinois case cited by Hough in support of his contention that a trial court can set aside an arbitration award procured by the fraud of a party to the arbitration under the review provision of the Illinois Uniform Arbitration Act (Ill. Rev. Stat. 1985, ch. 110, par. 112(a)) is *Rosee v. Board of Trade* (1976), 43 Ill. App. 3d 203, 356 N.E.2d 1012, *cert. denied* (1977), 434 U.S. 837, 54 L. Ed. 2d 99, 98 S. Ct. 127. That case does not appear to be a case involving review of an arbitration award under the Illinois Uniform Arbitration Act. It involved a lengthy and complicated review of a trial court's judgment in a case in which the trial court awarded damages and exemplary damages in a case involving an alleged fraudulent conspiracy between arbitrators and parties to the arbitration. Rather than supporting Hough's position, *Rosee* reenforces the decision of the trial court in this case by stating in its opinion:

> "Reasoning from the premise that the members of the Arbitration Committee and officials of the Board of Trade were not guilty of any conspiracy, partiality of other misconduct, it follows necessarily that the award should have all the force of any other legal adjudication so as to preclude the parties thereto from further litigation upon the same matters." *Rosee v. Board of Trade* (1976), 43 Ill. App. 3d 203, 240, 356 N.E.2d 1012, 1037, *cert. denied* (1977), 434 U.S. 837, 54 L. Ed. 2d 99, 98 S. Ct. 127.

Hough and Howington's complaint in this case was brought pursuant to sections 12 and 13 of the Illinois Uniform Arbitration Act (Ill. Rev. Stat. 1985, ch. 10, pars. 112, 113.) It was not an action against Osswald for fraudulent deceit. Thus, absent (1) any allegations of fraud or wrongdoing on the part of the arbitrator, and in light of (2) the admission by plaintiff of no wrongdoing on the part of the arbitrator, and (3) no error or fraud or mistake appearing on the face of the arbitrator's award, the trial court properly dismissed the complaint and entered judgment on the arbitral award.

Hough forcefully argues New Jersey law as a basis for overturning the trial court's decision. In New Jersey the Uniform Arbitration Act has been applied to a case where the employer, a party to the arbitration proceeding, intentionally withheld records. (*Teamsters Local Union 11 v. Abad* (1975), 135 N.J. Super. 552, 343 A.2d 804, *rev'd on other grounds Teamsters Local Union No. 11 v. Abad* (1976), 144 N.J. Super. 239, 365 A.2d 209.) We feel we must follow settled Illinois law until it has been changed by the Illinois Supreme Court or the State legislature.

For the above reasons, we affirm.

Judgment affirmed.

COCCIA, P.J., and GORDON, J., concur.