**Jeffrey FEINBERG, Plaintiff,**

v.

**OPPENHEIMER & CO., INC.,
Defendant.**

**No. 86 Civ. 9133 (WK).**

United States District Court,
S.D. New York.

May 8, 1987.

Jeffrey S. Feinberg, pro se;  Lord, Day & Lord, New York City, of counsel.

Robert Mulvey, Gold, Farrell & Marks, New York City, for Oppenheimer & Co., Inc.

## MEMORANDUM AND ORDER

WHITMAN KNAPP, District Judge.

Plaintiff Jeffrey Feinberg brings this action against his former employer, Oppenheimer & Co., Inc. ("Oppenheimer") alleging defamation, seeking rescission of a promissory note and also seeking an injunction forcing Oppenheimer to rescind the allegedly defamatory document.  Oppenheimer has moved, pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 3, 4, to compel arbitration and to stay these proceedings during the pendency of such arbitration.  For reasons which follow the motion is granted.

### FACTS

Plaintiff began working for defendant as an account executive in October, 1983, at which time he filed an Application for Securities Industry Registration, also known as a "U-4" form.  So far as here relevant, that form obligated plaintiff to "arbitrate any dispute, claim or controversy that may arise between me and my firm, or a customer, or any other person, that is required to be arbitrated under the rules, constitutions or bylaws of the organizations with which I register, as indicated."  Plaintiff subsequently registered with the New York Stock Exchange, the American Stock Exchange and the National Association of Securities Dealers ("NASD").  Each of these registration forms included an agreement—in substance—to arbitrate any claim "arising out of" employment with a member firm, which defendant is.

12.  *Cf. Washington v. New York Board of Esti-* mate, 709 F.2d 792, 708 (2d Cir.1983).

Defendant terminated plaintiff in October, 1985. In connection with this termination defendant was required to file a Uniform Termination Notice for Securities Industry Registration, also known as a "U–5" form. That U–5 form stated that "Management discharged Mr. Feinberg because of its belief that he was not cooperating fully in the defense of the (*Kempner*) action described below."

The *Kempner* action (*Kempner v. Oppenheimer & Co., Inc.,* 85 Civ. 2277 (SWK)) is a lawsuit brought by a customer of Oppenheimer alleging churning and unauthorized trading by plaintiff and plaintiff's partner at Oppenheimer, one Robert Lovasz.

Plaintiff's defamation claims are based entirely on the above-quoted statement in the U–5 form. The injunctive relief plaintiff seeks would force defendant to withdraw the allegedly defaming U–5 form. The remaining cause of action seeks rescission of a $19,000 promissory note plaintiff executed, which represents plaintiff's 50% share in the unsecured debit balance in the account of his partner, Lovasz. Plaintiff does not contest the arbitrability of this cause of action.

## DISCUSSION

As to the defamation causes of action, plaintiff claims that 1) since the defamatory statement was made after his termination by defendant, this dispute does not arise out of his employment and is therefore not arbitrable, 2) the so-called explanation for plaintiff's termination was not required on the U–5 form, so that defendant can not argue that the alleged defamation was part of its fulfillment of a regulatory requirement, and 3) the defamatory statement did not relate to his job performance as a broker.

Plaintiff argues that this question is governed by *Coudert v. Paine Webber Jackson & Curtis* (2d Cir.1983) 705 F.2d 78. The Court of Appeals there held that a defamation action based on an employer's defamatory statements about an employee made after her resignation did not arise out of the plaintiff's employment and were therefore independent of the arbitration clause and nonarbitrable. The critical question in that case was not simply the fact that the defamation occurred after plaintiff's termination since, as the Court of Appeals observed subsequent to *Coudert*, "the temporal aspect is an inevitable consequence" of the company's reporting an event which terminated the employment agreement. *Downing v. Merrill Lynch, Pierce, Fenner & Smith,* (2d Cir.1984) 725 F.2d 192, 194–5. The crucial question in *Coudert* was the relationship of the alleged defamation to the employment agreement between the parties. *See McMahon v. RMS Electronics, Inc.* (S.D.N.Y.1985) 618 F.Supp. 189.

Here, we find that the allegedly defamatory statements were integrally linked to plaintiff's employment with defendant. Defendant was required by the rules of the NASD to submit the U–5 form which plaintiff claims defamed him. The statement reported on that form—concerning the reasons for plaintiff's termination—certainly pertain to the employment relationship between the parties. *Compare McMahon, supra* (one statement—that plaintiff was the "company drunk"—had nothing to do with his employment and was not arbitrable). Further, although plaintiff claims that his cooperation in a lawsuit has nothing to do with his employment as an account executive, we find that where an employee's acts may subject his employer to liability, the employee's cooperation in the ensuing lawsuit—unless the interests of the two in that litigation become adverse—relates sufficiently to their employment agreement to trigger an arbitration provision such as the instant one. Accordingly, we find that plaintiff's defamation claims arose out of his employment with defendant and are therefore arbitrable.

## CONCLUSION

Defendant's motion to stay this proceeding and to compel arbitration is granted. This case will be placed on our suspense calendar pending completion of such arbitration. Counsel for the defendant shall report to us on the progress of the arbitra-

tion every six months and shall also notify us when it is complete.

SO ORDERED.