TRI-CITY JEWISH CENTER, Plaintiff-Appellant and Cross-Appellee, v. BLASS RIDDICK CHILCOTE *et al.*, Defendants-Appellees and Cross-Appellants.

Third District   No. 3—86—0829

Opinion filed August 12, 1987.—Rehearing denied September 16, 1987.

Stuart R. Lefstein, of Katz, McAndrews, Durkee, Balch & Lefstein, P.C., of Rock Island, for appellant.

Robert J. Noe, of Bozeman, Neighbour, Patton & Noe, of Moline, and Gary D. Nelson, of Heyl, Royster, Voelker & Allen, of Peoria, for appellees.

JUSTICE WOMBACHER delivered the opinion of the court:

Plaintiff, Tri-City Jewish Center, is a religious corporation located in Rock Island, Illinois. The plaintiff entered a contract with the defendant Blass Riddick Chilcote, an architectural firm located in Lit-

tle Rock, Arkansas, to furnish architectural and engineering services in connection with plaintiff's construction of a community center, education and worship building.

An arbitration clause in the contract, entered May 24, 1979, provided that all claims, disputes and other matters arising out of or relating to the agreement were to be arbitrated by the parties. The contract further provided that the agreement was to be governed by the law of the place of business of the architect. Therefore, Arkansas law applied to the arbitration agreement.

After the building was constructed the plaintiff asserted that the building was defective and the defendant had been negligent in the design of the building. The defendant filed a demand for arbitration on December 2, 1983, for arbitration of a dispute over payment of the balance due for services. The plaintiff filed a counterclaim against the defendant alleging professional negligence in connection with the performance of such services.

Arbitration hearings were held November 12-15, 1985. On February 6, 1986, the arbitrators rendered an award granting $65,000 to the defendant for fees and $40,000 to the plaintiff for damages. Plaintiff subsequently filed suit in the Rock Island circuit court seeking to vacate the award pursuant to the Uniform Arbitration Act (Ill. Rev. Stat. 1985, ch. 10, pars. 112, 115). The plaintiff contended that under Arkansas law the arbitrability of the claim was precluded. They further alleged that the arbitrators' award lacked fundamental rationality and/or demonstrated evident partiality on the part of one or more of the arbitrators. The defendants filed a motion to confirm the arbitration award and dismiss the complaint.

The trial court found that the plaintiff had waived its objections to the arbitration by participating in the proceedings. The court dismissed the plaintiff's complaint with prejudice.

The plaintiff appeals the trial court's order asserting that Arkansas law precludes the arbitration of the subject dispute and both parties participated in arbitration proceedings pursuant to a mutual mistake of fact. Plaintiff further asserts that the trial court should not have dismissed the complaint without determining whether the award met the test of "fundamental rationality."

Under Arkansas law only certain types of arbitration agreements are enforceable; included in these are agreements to arbitrate future disputes arising out of a contract for construction:

"A written agreement to submit to arbitration any existing or future controversy arising out of a contract for construction and/or manufacture, is and shall be valid and enforceable and

irrevocable, save upon such grounds as exist at law or in equity for the revocation of any contract; provided, that this Act shall have no application to personal injury or tort matters, employer-employee disputes, nor to any insured or beneficiary under any insurance policy or annuity contract." 1969 Ark. Acts No. 260, sec. 1, at 807-808.

The appellant contends that the arbitrated claim at issue in the instant case was not arbitrable under Arkansas law inasmuch as it involved a tort matter or alternatively involved an "insured" party under an insurance policy.

We are not persuaded by the appellant's reasoning. The instant dispute arose from a construction contract and merely characterizing the subject matter as an action in tort or under a cause of action excluded by the statute at issue does not necessarily preclude the arbitrability of the claim. Nevertheless, we need not pass judgment upon this matter inasmuch as we affirm the trial court upon the ground of waiver.

██ ■ Whether a dispute is or is not within the scope of the arbitration clause should be determined at the earliest possible moment and should be controlled by judicial guidelines. (*Farris v. Hedgepeth* (1978), 58 Ill. App. 3d 1040, 374 N.E.2d 1086.) The issue of whether or not there is any jurisdiction to arbitrate or the limits of that jurisdiction should be determined at the earliest possible moment. (*Blades v. Jarman Memorial Hospital, Inc.* (1969), 109 Ill. App. 2d 224, 248 N.E.2d 289.) Any issue regarding the nonarbitrability of the dispute is waived by participation in the arbitration proceedings. (*Himco Systems, Inc. v. Marquette Electronics, Inc.* (1980), 86 Ill. App. 3d 476, 407 N.E.2d 1013.) The Uniform Arbitration Act was construed in *Borg, Inc. v. Morris Middle School District No. 54* (1972), 3 Ill. App. 3d 913, 278 N.E.2d 818, where the court noted that the question of an agreement to arbitrate an issue cannot be raised for the first time after an award.

■ In the instant case the appellant had two years within which to raise the issue of nonarbitrability of the subject claim. The demand for arbitration was made in December of 1983, and the hearings were not held until November of 1985. The appellant advised the American Arbitration Association by letter dated April 24, 1984, that the subject matter may not be arbitrable and it may seek a court-ordered stay of the proceedings. The fact remains, however, that the appellant did not challenge the jurisdiction of the arbitration panel prior to the hearing. We deem the issue waived inasmuch as it has been raised subsequent to the rendition of the arbitration award.

■■ ■ Through the operation of waiver, a party may become bound by an award which otherwise would be open to attack. One receiving the fruits of an award should not be allowed thereafter to question its validity. "Waiver" is an equitable principle invoked to further the interests of justice. (*National Bank v. Newberg* (1972), 7 Ill. App. 3d 859, 289 N.E.2d 197.) Waiver occurs whenever a party intentionally relinquishes a known right, either expressly or by conduct inconsistent with an intent to enforce that right. (*Harris v. Faultfinders, Inc.* (1981), 103 Ill. App. 3d 785, 431 N.E.2d 1205.) A waiver once made is irrevocable and cannot be revived. *Elmore Real Estate Improvement Co. v. Olson* (1947), 332 Ill. App. 475, 76 N.E.2d 204.

■■ ■ Next, we turn to the appellant's contention that the complaint should not have been dismissed without determining whether or not the arbitration award met the test of "fundamental rationality."

Illinois courts have held that fundamental rationality is not a ground for vacating an arbitration award. (*American Invsco Realty, Inc. v. Century 21, Rother & Co.* (1981),96 Ill. App. 3d 56, 420 N.E.2d 692.) In *Garver v. Ferguson* (1979), 76 Ill. 2d 1, 389 N.E.2d 1181, the court held that once a good-faith award is announced, it will not be set aside unless "gross errors of judgment in law or *** gross mistake of fact *** are apparent upon the face of the award." Accordingly, judicial review of an arbitration award is more limited than appellate review of a trial court's decision. Where an award is challenged as invalid, the challenger has the burden of proving his contention by clear, strong and convincing evidence. *Wilcox Co. v. Bouramas* (1979), 73 Ill. App. 3d 1046, 392 N.E.2d 198.

■■ The appellant has not met his burden of proof. Indeed, too little or excessive damages in itself is insufficient to raise a presumption of fraud, corruption or undue means on the part of the arbitrators. (*Del Bianco & Associates v. Adams* (1972), 6 Ill. App. 3d 286, 285 N.E.2d 480.) The size of the award is insufficient to establish evident partiality without specific allegations of bias against the arbitrators. *Sweet v. Steve's Cartage Co.* (1977), 51 Ill. App. 3d 913, 365 N.E.2d 1110.

For the foregoing reasons the judgment of the circuit court of Rock Island County is affirmed.

Affirmed.

HEIPLE and SCOTT, JJ., concur.