Wolf A. POPPER and Wolf A. Popper, Inc., Plaintiffs,

v.

Brooks MONROE, Brooks Monroe & Company, Inc. and IGAS Corporation, Defendants.

No. 87 Civ. 0899 (SWK).

United States District Court, S.D. New York.

Nov. 6, 1987.

Quinn, Cohen, Shields & Block by Timothy Quinn, New York City, for Wolf A. Popper and Wolf A. Popper, Inc.

Brauner, Baron, Rosenzweig, Kligler, Sparber, Bauman & Klein by Mel P. Barkan, New York City, for Brooks Monroe, Brooks Monroe & Co., Inc. and IGAS Corp.

## MEMORANDUM OPINION AND ORDER

KRAM, District Judge.

Plaintiffs Wolf A. Popper and Wolf A. Popper, Inc. bring this action against Brooks Monroe and IGAS Corporation alleging defamation and seeking damages. Defendants Brooks Monroe *et al.* have moved to stay this proceeding pending arbitration or alternatively to compel arbitration of this action pursuant to 9 U.S.C. § 1, *et seq.* For the reasons which follow, defendants motion is granted in part and denied in part.

### Facts

Plaintiff Wolf A. Popper, *et al.*, is a securities broker-dealer. Beginning in 1976, plaintiffs entered into a series of three contracts with defendants Brooks Monroe *et al.*, requiring plaintiffs to sell limited partnership units in oil and gas drilling ventures. Each contract provided for plaintiffs' sales commission for each sale.

In 1981, Martin Kaiden, a former employee of Wolf A. Popper, Inc., brought suit in New York State Supreme Court against Wolf Popper, Wolf A. Popper, Inc., Monroe, Inc., IGAS Corporation, and Lewis Novod alleging that he was owed certain monies resulting from his sales of limited partnership interests ("the Kaiden Suit"). Wolf A. Popper and Wolf A. Popper, Inc. served their answer in the Kaiden Suit including a crossclaim against Monroe, Inc. and IGAS for payments due under their retainer agreement.

Also in 1981, partners in the drilling venture were given the opportunity to exchange their partnership interests in the oil and gas producing properties for shares in Integrated Energy, Inc. After the exchange offer, a dispute arose between Wolf A. Popper, Inc. and defendants regarding plaintiff's right to compensation as a result of the exchange program. Plaintiff brought suit against Brooks Monroe, Inc. and IGAS Corporation in New York State Supreme Court for a determination of its right to compensation under the terms of the contracts ("the Popper I Suit"). Each of the contracts contained an arbitration provision which provides that any dispute between the plaintiff and the defendants will be resolved by arbitration by the American Arbitration Association. On May 7, 1987, Judge Edward J. Greenfield of New York State Supreme Court dismissed the Popper I Suit on the basis of the arbitration clauses. The court stated that the broad arbitration agreement in each of the three contracts required that the issues before the court be resolved in arbitration.

During the pendency of the Popper I proceeding, defendants distributed a letter, dated December 3, 1986, to certain limited partners who had been plaintiffs' clients and who did not consent to the exchange of their interests for stock in Integrated Energy, Inc. It is this letter which provides the basis for the present action.

Plaintiffs allege twelve instances of defamation within the December letter. Two of the alleged defamatory statements directly involve interpretation of the terms of the contract between the parties. Complaint, Paragraph 20 (a), and (b). (Appendix) Statement 20(a) states that the fee contracts between plaintiffs and defendants was signed on behalf of members of the limited partnership. Plaintiffs allege that this statement is false and defamatory in that the fee contract was not signed on behalf of the members of the partnership. Statement 20(b) refers to whether or not

Wolf A. Popper Inc. declined to exchange a 20.83 percent in the partnership. Plaintiff alleges that this statement is false and defamatory in that Wolf A. Popper, Inc. had only a 7.916 percent interest in the partnership.

The balance of the allegedly defamatory statements concern references about who was or was not a party to both the Kaiden Suit and Popper I Suit in New York state court and who represented Wolf A. Popper, Inc. in those actions. The gist of plaintiffs' complaint is that defendants falsely accuse plaintiffs of pursuing frivolous litigation in New York State Supreme Court at the expense of those clients.

Defendants move to stay this action and to compel arbitration pursuant to the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*, and pursuant to the terms of the contracts between plaintiff and defendants. Plaintiffs argue that this defamation action does not involve nor relate to the performance or construction of the three contracts. Rather, plaintiffs argue, this case involves independent tortious behavior by defendants which does not fall within the terms of the contracts requiring the parties to arbitrate all disputes. Defendants counter by arguing that the language of the contracts requires arbitration of *any* claim between the parties.

*Discussion*

This court has subject matter jurisdiction under 28 U.S.C. § 1332. The contracts in which the arbitration clause are included are ones "evidencing a transaction involving commerce" under the Federal Arbitration Act, 9 U.S.C. §§ 1, 2. Initially, it should be noted that the court's role here is limited; it has no concern with the merits of this defamation controversy. The sole question before this court is whether the parties, by the terms of the three arbitration provisions within each contract, and the Federal Arbitration Act, agreed to arbitrate this defamation claim.

■ The arbitration clauses at issue state, in pertinent part, that any dispute between plaintiffs and defendants will be determined by arbitration in accordance with the commercial arbitration rules of the American Arbitration Association. This clause is a standard, broadly written arbitration clause which contains no limiting situations to circumscribe the use of arbitration. *Bell Canada v. ITT Telecommunications Corp.*, 563 F.Supp. 636, 639 (S.D. N.Y.1983). The use of such a clause is forceful evidence of the parties intent to arbitrate a broad range of issues.

Moreover, if the issues raised by plaintiffs' defamation claim are "referable to arbitration under an agreement in writing for such arbitration" then this court, given a motion by defendants, must stay this proceeding as provided in 9 U.S.C. § 3. *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 217, 105 S.Ct. 1238, 1240–41, 84 L.Ed.2d 158 (1985).

■ The crucial question in this case is the relationship of the alleged defamation to the arbitration agreement between the parties. *See Coudert v. Paine Webber Jackson & Curtis*, 705 F.2d 78, 82 (2d Cir.1983); *Feinberg v. Oppenheimer & Co.*, 658 F.Supp. 892, 893 (S.D.N.Y.1987). If the alleged defamation arose directly out of a dispute regarding the terms of the parties contractual relation, *Coudert, supra*, 705 F.2d at 81–82, or if the defamatory statements are integrally linked to the contractual relation between the parties, *McMahon v. RMS Electronics, Inc.*, 618 F.Supp. 189, 192 (S.D.N.Y.1985), arbitration must be compelled. Similarly, if the defamatory statements arise from performance of the contract, arbitration must also be compelled. *Tac Travel America Corp. v. World Airways, Inc.*, 443 F.Supp. 825, 828 (S.D.N.Y.1978). Any doubts regarding the scope of arbitable issues involving 9 U.S.C. § 1 *et seq.* should be resolved in favor of arbitration. *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25, 103 S.Ct. 927, 941, 74 L.Ed.2d 765 (1983).

The twelve allegedly defamatory statements in this action arise from either interpretation of the contract terms between plaintiffs and defendants, to who was a party to both state court proceedings, or they refer to who represented Wolf A. Pop-

per, Inc. in those actions. Two of the statements directly relate to interpretation of the contract terms while the other ten statements focus on the state court proceeding involving interpretation of the three contracts.

*Statements Involving the Terms of the Contract*

■ Paragraph 20(a) [1] of plaintiffs' complaint involves a statement by defendants in the December 1986 letter that the contract between plaintiffs and defendants was signed on behalf of the members of the limited partnership. Plaintiffs allege that this statement is false and thus defamatory in that the contract between plaintiffs and defendants was not signed on behalf of the individual investors of the limited partnership. Similarly, paragraph 20(d) of plaintiffs' complaint involves a statement by defendants that plaintiffs refused to exchange a 20.82 percent interest in the partnership. Plaintiffs alleges that this statement is false and defamatory because plaintiffs had, in fact, only a 7.916 percent interest in the partnership at the time of the exchange offer.

Both of the foregoing statements require interpretation of the fee contract between plaintiffs and defendants; the contract must be examined to determine whether or not it was signed on behalf of members of the limited partnership. Because the dispute over statement 20(a) arises out of interpretation of the contract terms, it is referable to arbitration pursuant to the contract. *Coudert*, 705 F.2d at 82. Statement 20(d) also requires reference to the underlying contract between the parties. It involves a dispute regarding plaintiffs' interest in the partnership as a result of refusing to participate in the exchange program; it thus requires interpretation of the contract's terms regarding plaintiffs' remuneration and its interest in the partnership. As such, the dispute bears a close relation to the contract and is thus also referable to arbitration.

**1.** The Court has appended the statements in question, as they appear in the Complaint, in an

*Statements Not Involving the Contract Between the Parties*

■ The other ten allegedly defamatory statements, regarding who was a party to both the Kaiden and Popper I Suits and who represented plaintiff in those actions, bear no material relationship to the contractual relation between the parties. See Complaint paragraphs 20(b), (c), (e), (f), (g), (h), (i), (j), (k), (*l*). All ten of these statements are independent of the contract terms between the parties and do not require reference to the underlying contracts. Thus, they are not referable to arbitration pursuant to the terms of the contracts.

*Conclusion*

Defendants' motion to compel arbitration is this action is granted with respect to plaintiffs' claims in paragraphs 20(a) and (d) and denied with respect to plaintiffs' claims in paragraphs 20(b), (c), (e), (f), (g), (h), (i), (j), (k), (*l*).

SO ORDERED.

**EXHIBIT A**

**APPENDIX**

18. Plaintiffs herein have for many years been engaged in the business of acting as consultants and agents for personal and corporate clients involving all forms of investments, insurance and financial consultation. They have always conducted their business with honesty and integrity and at all times have enjoyed an excellent reputation in their business.

19. In or about December, 1986, defendants herein maliciously composed and published statements of and concerning plaintiffs which were false and defamatory and were contained in a document which is annexed hereto as Exhibit A, and which, upon information and belief, was mailed to certain limited partners in IGAS—1976 who had been clients of Popper and Popper, Inc. and who did not consent to the exchange of their interests for stock in Integrated Energy, Inc.

Appendix to this opinion.

**1232**

20. The matters set forth in Exhibit A were false and defamatory in the following particulars:

**False Statement**

**The Truth**

(a) Exhibit A, p. 1, para. 2:
"We call your attention to . . . pertinent clauses of . . . the separate fee contract signed by . . . Popper, Inc., and . . . Popper, Individually, <u>on your behalf</u>."

The fee contract was not on behalf of the individual investors who had absolutely no interest therein.

(b) Exhibit A, p. 2, para. 4:
"4. Sometime after . . . Kaiden filed a suit against . . . Popper, Inc. . . ."

The Kaiden Suit was filed against Popper, Inc., Popper, Monroe, Inc., Executives Guardian Company, Inc. and Lewis Novod.

(c) Exhibit A, p. 3, para. 2:
"Despite the . . . Popper, Inc. contract—stating any fees or remuneration would be . . . Popper, Inc.'s total responsibility, . . . Popper, Inc., in his reply to former employee . . . Kaiden, included Executives Guardian (now IGAS Corp.), . . . Monroe . . ., Inc. and . . . Monroe as 'defendants', for what reason no one knows."

Kaiden, <u>not</u> Popper, Inc. sued Executives Guardian (now IGAS Corp.) and Monroe, Inc., Popper, Inc. cross-claimed against IGAS and Monroe, Inc. (<u>already</u> parties) and neither Popper nor Popper, Inc. brought Monroe into the Kaiden Suit.

(d) Exhibit A, p. 4, para. 1:
". . . Popper, Inc. and . . . Popper declined to exchange retaining a 20.83% interest."

Popper, Inc. had only a residual interest after "pay out"; Popper had only a 7.916% interest as a limited partner.

(e) Exhibit A, p. 4, para. 2:
"Subsequently, we understand the suit by . . . Kaiden against . . . Popper, Inc., <u>was settled</u>, though . . . Popper, Inc. did not release . . . (IGAS) . . . Monroe . . . Inc., and . . . Monroe as defendants, but instead added a request, ignoring the majority vote, that . . . Popper, Inc., was entitled to large amounts of future monies . . .."

The Kaiden Suit has not been settled and only the plaintiff Kaiden can release IGAS and Monroe, Inc. Monroe is not a party.

(f) Exhibit A, p. 4, para. 3:
"The . . . Popper, Inc. legal papers [referring to the Kaiden Suit] ask for $358,614.08 . . ."

Nowhere in the Kaiden Suit does Popper, Inc. seek $358,614.08 against any party.

(g) Exhibit A, p. 4, para. 6:
"Finally . . . (IGAS), . . . Monroe . . . Inc., and . . . Monroe were listed by . . . Popper, Inc. as defendants."

<u>Kaiden</u>, the plaintiff, named IGAS and Monroe, Inc. defendants. Monroe is not a party.

(h) Exhibit A, p. 4, para. 7:
"IGAS . . . dismiss the Popper complaint, which has been going on for approximately <u>eight years</u>."

<u>Kaiden</u>, not Popper brought the complaint in July of 1981 which has been "going on" for approximately five and one-half years.

(i) Exhibit A, p. 4, para. 8:
"(IGAS, . . . Monroe . . . Inc. and Monroe . . . tired of being listed as a defendant in court papers without cause."

<u>Kaiden</u>, not Popper or Popper, Inc. sued IGAS and Monroe, Inc. Monroe is not a party.

(j) Exhibit A, p. 4, para. 9:
"In addition . . . Popper, Inc. . . . . '<u>frivolous</u>' actions, presumably hoping for a settlement. . . ."

<u>Kaiden</u> is the plaintiff.

(k) Exhibit A, p. 5, para. 2:

"We have lost count of the lawyers . . . Popper, Inc. has retained now the third, fourth or fifth who apparently resigned or gave up after realizing the futility of . . . Popper, Inc.'s position."

(l) Exhibit A, p. 6,

"In addition, IGAS . . . Monroe . . . Inc., had to pay legal fees to answer the actions of Popper and are now . . . exercising their legal right to charge such fees as <u>incurred already</u> and in the future to the production accounts of Popper and his clients. $7,500 has been paid to date. . . . Therefore . . . production payments will be withheld to defray the legal bills of IGAS, . . . Monroe . . . Inc., and . . . Monroe. . . . If this determination does not meet with your approval, you should contact your legally constituted agent, . . . Popper, Inc., directly and . . . Popper, individually."

The only attorney to represent Popper and Popper, Inc. in the Kaiden Suit after Lewis Novod (sued therein as a defendant) resigned, is and has been Mark B. Brenner, Esq.

<u>Kaiden</u> not Popper, Inc. or Popper sued IGAS and Monroe, Inc. Monroe is not a party to the Kaiden suit.

21. At the time defendants published the defamatory matter, defendants knew it was false, or failed to take the proper steps to ascertain its accuracy and instead published it with reckless disregard as to whether or not it was true.

22. The statements made by defendants were intended to and were understood to accuse plaintiffs of instituting and carrying on frivolous litigation at the expense of plaintiffs' clients.