771 So.2d 559 (2000)
Susan G. BOONE, Appellant,
v.
Harold N. ETKIN, individually, and H.J.J., Inc., a Florida corporation d/b/a Me Productions, Appellees.
No. 4D00-1398.
District Court of Appeal of Florida, Fourth District.
September 20, 2000.
Rehearing Denied December 11, 2000.
*560 Jennifer Daley and Karen Coolman Amlong of Amlong & Amlong, P.A., Fort Lauderdale, for appellant.
Robert D. Soloff of Robert D. Soloff, P.A., Fort Lauderdale, for appellees.
PER CURIAM.
Susan G. Boone (appellant) seeks review of a nonfinal order of the circuit court granting H.J.J., Inc. d/b/a ME Productions ("ME") and Harold N. Etkin ("Etkin"), its owner and chief executive officer, (appellees) renewed motion to compel arbitration. We reverse and remand.
On May 19, 1999, appellant, a 28 year old woman, filed a lawsuit against Etkin, a 73 year old man, and ME alleging three tortsinvasion of privacy, battery and negligence. In her lawsuit, appellant alleged Etkin on numerous occasions made offensive sexually-oriented statements to her concerning her physical appearance, groped her and propositioned her. Appellant claimed that after she rejected his numerous advances, Etkin became critical of her performance, the working environment became hostile and she was forced to eventually resign as result of her constructive discharge from employment with ME.
On April, 29, 1999, appellant filed charges of sex discrimination alleging violations of Title VII of the Civil Rights Act against appellees with the Equal Employment Opportunity Commission and alleging violations of the Florida Civil Rights Act with the Florida Commission on Human Relations.
In response to appellant's lawsuit, appellees moved to compel arbitration based on the arbitration paragraph in the employment agreement between appellee, ME, and appellant, or alternatively moved to stay the proceedings. The arbitration provision reads in part:
20. Other than enforcement by a court-ordered Restraining Order or Injunction as specified in paragraph 8 of this Agreement, the parties agree that all disputes, claims and questions regarding the rights and obligations of the parties under the terms of this agreement shall be resolved through arbitration.....
(Emphasis added.) The employment agreement also provides that any dispute or controversy shall be construed in accordance with Florida law.
Appellant opposed the motion to compel arbitration. After a hearing, the court entered an order staying the proceedings for sixty days and denying the motion for arbitration without prejudice. Appellant amended her complaint to add Count IV, a violation of the Florida Civil Rights Act. Appellees renewed their motion to compel arbitration, the trial court granted the motion and this appeal followed.
When considering a motion to compel arbitration, the trial court's role is limited to determining whether a valid written agreement exists, whether an arbitrable issue exists, and whether the right to arbitration was waived. Nestler-Poletto Realty, Inc. v. Kassin, 730 So.2d 324 (Fla. 4th DCA 1999); Fortune Ins. Co. v. U.S.A. Diagnostics, Inc., 684 So.2d 208 (Fla. 4th DCA 1996).
The Supreme Court of Florida has made clear the determination of whether a *561 particular claim must be submitted to arbitration necessarily depends on the existence of some nexus between the dispute and the contract containing the arbitration clause. In Seifert v. U.S. Home Corp., 750 So.2d 633 (Fla.1999), Justice Anstead wrote:
After analyzing the governing principles surrounding the determination of whether a particular claim is subject to arbitration, and keeping in mind the general policy favoring arbitration, we believe it is fair to presume that not every dispute that arises between contracting parties should be subject to arbitration. As the prevailing case law illustrates, even in contracts containing broad arbitration provisions, the determination of whether a particular claim must be submitted to arbitration necessarily depends on the existence of some nexus between the dispute and the contract containing the arbitration clause.
Disputes arise in many and varied contexts and the mere coincidence that the parties in dispute have a contractual relationship will ordinarily not be enough to mandate arbitration of the dispute. In other words, the mere fact that the dispute would not have arisen but for the existence of the contract and consequent relationship between the parties is insufficient by itself to transform a dispute into one "arising out of or relating to" the agreement.
Id. at 638.
The Court agreed with the reasoning in Dusold v. Porta-John Corp., 167 Ariz. 358, 361, 807 P.2d 526, 529 (App.1990), cited by this court in Terminix International Co. v. Michaels, 668 So.2d 1013 (Fla. 4th DCA 1996) (holding that tort claims did not arise out of or relate to the "interpretation, performance, or breach of any provision of this agreement" and, therefore, such claims were not subject to the contract's arbitration provision.) The Supreme Court approved our decision in Terminix and quoted the framework for analysis used by the Arizona Court of Appeals in Dusold.
If the contract places the parties in a unique relationship that creates new duties not otherwise imposed by law, then a dispute regarding a breach of a contractually-imposed duty is one that arises from the contract. Analogously, such a claim would be one arising from the contract terms and therefore subject to arbitration where the contract required it. If, on the other hand, the duty alleged to be breached is one imposed by law in recognition of public policy and is generally owed to others besides the contracting parties, then a dispute regarding such a breach is not one arising from the contract, but sounds in tort. Therefore, a contractually-imposed arbitration requirement... would not apply to such a claim.
(Citations omitted.) Dusold, 807 P.2d at 531.
Neither do the tort claims alleged by Appellant relate to the terms of her employment nor does the employment agreement contemplate the existence and arbitration of future tort claims for personal injuries. As mentioned above, the employment agreement between appellant and ME requires all disputes, claims and questions regarding the rights and obligations of the parties under the terms of this agreement be submitted to arbitration[1]. There is nothing within the provisions of the employment agreement to indicate that either party intended to include sexual harassment litigation or tort claims for personal injuries arising under the common law within the scope of either the contract in general or the arbitration provision in particular. The employment agreement contains provisions relating solely to the duties and obligations of the parties in regard to their employer-employee relationship. The agreement includes such matters as appellant's responsibilities, term of employment, *562 compensation, employee benefits, confidentiality, sales territory and a covenant not to compete. It does not address sexual harassment or other tort claims arising out of the employer-employee relationship. None of the allegations assert that appellees' duties or obligations arose from or were governed by the contract. The mere existence of a contract is not sufficient to compel that this dispute be arbitrated. Seifert, 750 So.2d at 642.
We are aware of our previous decision in Bachus & Stratton v. Mann, 639 So.2d 35 (Fla. 4th DCA 1994), cited by Appellee, and believe it is not controlling in this case. In Bachus & Stratton, a former securities account executive sued her former employer and manager alleging sexual discrimination, assault and battery, breach of contract, breach of promise of promotion, fraudulent misrepresentation, intentional infliction of emotional distress, defamation fraudulent misrepresentation, intentional infliction of emotional distress, defamation, conspiracy to defame, invasion of privacy, and interference with business relationships. The defendants sought to compel arbitration based on her NASD (National Association of Securities Dealers) securities registration and transfer form application which required her "to arbitrate any dispute, claim or controversy that may arise between me and my firm, or a customer or any other person that is required to be arbitrated under the rules,... of the organization with which I register." The trial court compelled arbitration of certain claims and both parties appealed. This court found the tort claims subject to arbitration. Although the court found the alleged torts committed by the manager and another executive were arbitrable, it did so because they found these claims arose out of or in connection with the business operations of her former employer. Id. at 37. Thus, the dispositive factor, in light of the arbitration provision, was the connection between the cause of action and the contract containing the provision.
Equally significant in Bachus & Stratton, the arbitration clause was broad in scope and required arbitration of "any dispute, claim or controversy that may arise between me and my firm, or a customer or any other person that is required to be arbitrated under the rules, ... of the organization with which I register." None of the cases cited by appellee are persuasive as all involved broadly-worded arbitration provisions.
For example, in Chase Manhattan Investment Services, Inc. v. Miranda, 658 So.2d 181, 182, (Fla. 3rd. DCA 1995), and Nazon v. Shearson Lehman Bros., Inc., 832 F.Supp. 1540 (S.D.Fla.1993), the arbitration clause was the same as in the Bachus & Stratton case[2]. Appellee contends that since Boone's factual allegations arise from and concern acts which allegedly occurred during and within the scope of her employment, her claims present a "significant relationship" with the Employment Agreement and thus are covered by the arbitration provision.
In the case sub judice, the much narrower arbitration provision requires arbitration of "all disputes, claims and questions regarding the rights and obligations of the parties under the terms of this Agreement...." There is no provision in the employment agreement requiring appellant to submit every dispute between her and appellees to arbitration. The mere existence of a contract is not sufficient *563 to compel that this dispute be arbitrated. Seifert, 750 So.2d at 642.
Accordingly, we reverse and remand with instructions to reinstate appellant's cause of action in the trial court.
STONE, SHAHOOD and HAZOURI JJ., concur.
NOTES
[1] Etkin was not a party to the contract.
[2] It read:

I agree to arbitrate any dispute, claim, or controversy that may arise between me and my firm, or a customer, or any other person, that is required to be arbitrated under the rules, constitutions, or by-laws of the [NASD] ... as may be amended from time to time....
Part I, Section 1, of the NASD Arbitration Code, in turn, requires arbitration of:
any dispute, claim, or controversy arising out of or in connection with the business of any member of the Association, or arising out of the employment or termination of employment of associated person(s) with any member....