NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

CALIENTE CONSTRUCTION INC., an Arizona corporation,
*Plaintiff/Appellee*,

*v.*

WILDFLOWER BREAD COMPANY L.L.C., a Delaware limited liability
company; 3410 GATEWAY BOULEVARD, L.L.C., a Delaware limited
liability company, *Defendants/Appellants*.

No. 1 CA-CV 19-0824

FILED 11-17-2020

Appeal from the Superior Court in Yavapai County
No. P1300CV201900074
The Honorable David L. Mackey, Judge, *Retired*

**VACATED AND REMANDED**

COUNSEL

Caliente Construction, Inc., Tempe
By Kirk H. Hays
*Counsel for Plaintiff/Appellee*

Udall Shumway PLC, Mesa
By James B. Reed, Joel E. Sannes, Carson T.H. Emmons
*Counsel for Defendants/Appellants*

**MEMORANDUM DECISION**

Judge David B. Gass delivered the decision of the Court, in which Presiding Judge Jennifer M. Perkins and Judge Michael J. Brown joined.

**G A S S**, Judge:

¶1 Defendants, Wildflower Bread Company, L.L.C. and 3410 Gateway Boulevard, L.L.C. (collectively, Wildflower), appeal from an order denying their motion to stay the superior court proceedings and compel arbitration. Because the claim against Wildflower is subject to a binding arbitration clause, we vacate the order and remand for further proceedings consistent with this decision.

## FACTUAL AND PROCEDURAL HISTORY

¶2 Wildflower contracted with Caliente Construction, Inc. to construct a commercial restaurant. The contract required Caliente to submit monthly payment applications to Wildflower.

¶3 Caliente submitted a payment application for $161,715.88. After Wildflower failed to pay the amount or object in writing, Caliente sent a demand letter. Forty-nine days later, Caliente recorded a mechanics' lien. Forty-eight days after that, Caliente brought this action to foreclose the mechanics' lien and assert a claim under Arizona's Prompt Pay Act (PPA).

¶4 Under the PPA, owners must make progress payments to contractors "on the basis of a duly certified and approved billing or estimate of the work performed and the materials supplied" on a thirty-day billing cycle unless they specify a different billing cycle. *See* A.R.S. § 32-1182.A.[1] In general, owners must make these payments "within seven days after the date the billing or estimate is certified and approved." *Id.* A billing or estimate is deemed certified and approved after fourteen days unless the owner objects in writing for any statutory reason. A.R.S. § 32-1182.D.

---

[1] After Caliente filed its PPA claim, the legislature renumbered the applicable provision without any relevant, substantive changes. *See* 2019 Ariz. Sess. Laws, ch. 145, §§ 39, 43 (1st Reg. Sess.). We cite the current statute.

**¶5** Caliente moved for summary judgment, alleging its payment application was deemed approved when Wildflower failed to object within fourteen days. *See id.* Wildflower cross-moved to stay the superior court proceedings and compel arbitration under A.R.S. § 12-3007, arguing Caliente's claims were subject to the contract's arbitration clause. The superior court denied Wildflower's motion, finding arbitration would alter Caliente's right to prompt payment under subsection 32-1182.P.

**¶6** Wildflower timely appealed. This court has jurisdiction under Article 6, Section 9, of the Arizona Constitution, and A.R.S. § 12-2101.01.A.1.

## ANALYSIS

**¶7** This court reviews *de novo* the denial of a motion to compel arbitration. *Nat'l Bank of Ariz. v. Schwartz,* 230 Ariz. 310, 311, ¶ 4 (App. 2012). "Although it is commonly said that the law favors arbitration, it is more accurate to say that the law favors arbitration of disputes *that the parties have agreed to arbitrate.*" *S. Cal. Edison Co. v. Peabody W. Coal Co.,* 194 Ariz. 47, 51, ¶ 11 (1999) (emphasis added). The parties' contractual language determines the scope of the arbitration agreement. *See Clarke v. ASARCO Inc.,* 123 Ariz. 587, 589 (1979). Arbitration clauses are "construed liberally and any doubts as to whether or not the matter in question is subject to arbitration should be resolved in favor of arbitration." *New Pueblo Constructors, Inc. v. Lake Patagonia Recreation Ass'n, Inc.,* 12 Ariz. App. 13, 16 (1970).

**¶8** Here, the contract requires Caliente and Wildflower to mediate any claim, dispute, "or other matters in controversy arising out of or related to the [c]ontract." The parties must arbitrate any claim subject to, but not resolved by, mediation. The contract defines a claim as:

> a demand or assertion by one of the parties seeking, as a matter of right, payment of money, or other relief with respect to the terms of the [c]ontract. The term "Claim" also includes other disputes and matters in question between the Owner and Contractor arising out of or relating to the [c]ontract.

This language denotes a broad arbitration clause because "'[r]elating to' is broader than 'arising from.'" *See Sun Valley Ranch 308 Ltd. P'ship ex rel. Englewood Props., Inc. v. Robson,* 231 Ariz. 287, 292, ¶ 14 (App. 2012).

**¶9** Caliente argues the contract defines two types of claims and its statutory PPA claim does not meet either definition. The first is a demand for "payment of money or other relief with respect to the terms of the [c]ontract." Caliente contends its PPA claim is a *statutory* demand for

payment, not a demand for payment *under the contract*. The second "includes other disputes and matters in question . . . arising out of or relating to the [c]ontract." Caliente argues the second definition necessarily excludes "demands for payment" because those are included in the first sentence. According to Caliente, this separation means only demands for payment *under the contract* are subject to arbitration but its statutorily-based PPA claim—which is based on the contract with Wildflower—is not.

¶10 The contract does define two types of claims. The distinction, however, is between disputes over "relief with respect to the terms of the [c]ontract," and those "arising out of or relating to the [c]ontract." In *Dusold v. Porta-John Corporation*, this court considered whether a similar contractual provision requiring the parties to arbitrate "any controversy or claim arising out of, or relating to this agreement" applied to the plaintiff's tort claim. *See* 167 Ariz. 358, 359 (App. 1990). The *Dusold* court held a dispute arises out of, or relates to, a contract if the resolution "requires a reference to or construction of some portion of the contract itself." *Id.* at 362.

¶11 Contrary to Caliente's arguments, its PPA claim is a dispute "arising out of or relating to the [c]ontract." *See id.* The contract required Caliente to provide a schedule of values to be used "as a basis for reviewing [its] Applications for Payment." Caliente's payment applications must be itemized and prepared in accordance with this schedule and "supported by such data substantiating [Caliente's] right to payment as [Wildflower] may require, such as copies of requisitions from Subcontractors and material suppliers." Resolution of Caliente's PPA claim, therefore, "requires a reference to" the contract, making the claim subject to arbitration. *See id.*

¶12 Caliente, however, contends the claim does not require reference to the contract because Wildflower cannot challenge the amount owed after it failed to object timely to the payment application. But this argument goes to the merits of Caliente's claim and ignores the issue on appeal—whether the claim is subject to arbitration. Simply asserting Wildflower owes $161,715.88 in a complaint does not make it so. Regardless of the forum, determining whether Caliente made a proper payment application, whether Wildflower waived any objection, and what—if anything—Wildflower owes, all require reference to the contract.

¶13 Caliente also argues the arbitration clause does not apply to the mechanics' lien and PPA claims because they are purely statutory, citing as persuasive authority *Masaryk v. Mendelsohn Construction, LLC*. *See* 1 CA-CV 13-0085, 2015 WL 1456636 (Ariz. App. Mar. 31, 2015) (mem. decision). *Masaryk*, however, dealt with a separate issue—whether a PPA claim is

"separate and distinct" from a breach of contract claim. *See id.* at *2–3, ¶¶ 10–12. Here, in contrast, we must decide if the PPA claim "requires a reference to or construction of some portion of" the contract. *See Dusold,* 167 Ariz. at 362. *Masaryk*, therefore, is not persuasive. Further, this court has previously applied similarly broad arbitration provisions to statutory claims. *See, e.g.*, *Estate of DeCamacho ex rel. Guthrie v. La Solana Care & Rehab, Inc.*, 234 Ariz. 18, 23–25, ¶¶ 19–27 (App. 2014) (claims brought under the Adult Protective Services Act); *Sun Valley,* 231 Ariz. at 295, ¶¶ 30–31 (claims to dissolve a partnership under § 29-345).

**¶14** The superior court concluded arbitrating the PPA claims would violate subsection 32-1182.P. We disagree. The arbitration requirement does not alter or delay Caliente's right to receive payment. It only identifies the venue where Caliente must bring its claim. The superior court's conclusion also is contrary to language in the PPA. The PPA expressly contemplates arbitration of PPA claims. *See* A.R.S. §§ 32-1182.S ("In any action *or arbitration* brought to collect payments . . . pursuant to this section, the successful party shall be awarded costs and attorney fees in a reasonable amount.") (emphasis added), -1183.J (same), -1185.F (same).

**¶15** Finally, the mechanics' lien claim is moot because the lien was released and replaced with a bond. Once the underlying right to payment is resolved, any amount owed will come from the bond.

## ATTORNEY FEES ON APPEAL

**¶16** Both parties request attorney fees on appeal. We deny Caliente's request because it is not the successful party on appeal. *See* A.R.S. § 32-1182.S. We also exercise our discretion and decline to award Wildflower its attorney fees on appeal, but as the successful party on appeal, Wildflower is entitled to recover its reasonable costs under § 12-342 upon compliance with ARCAP 21.

## CONCLUSION

¶17 For the above reasons, we vacate the order denying Wildflower's motion to stay proceedings and compel arbitration. On remand, the superior court shall stay its proceedings pending arbitration of the PPA claim.



AMY M. WOOD • Clerk of the Court
FILED:    HB